BREED *against* COOK AND CADWELL.

IN ERROR, on *certiorari* to a justice's court.

The defendants in error brought an action in the court below against the plaintiff in error, for part of the price of a horse sold by them to him. The price of the horse was 65 dollars; in part payment for which the defendant below delivered to the plaintiffs a promissory note for 23 dollars, drawn by one *Fillmore,* payable in six months to the defendant or bearer. When the note became due, *Fillmore* was utterly insolvent.

It was proved, on the part of the defendant below, that at the time of the sale of the horse, the plaintiffs requested him to endorse the note; this he refused to do, and stated that the maker of the note was as well known to the plaintiffs as to him; and that the plaintiffs, after inquiring into the solvency of the maker, finally agreed to take the note without endorsement. The justice decided, that the plaintiffs

*Where on the sale of goods the vendee delivers to the vendor the promissory note of a third person, which he refuses to endorse, it is to be considered as payment, and the vendor cannot, afterwards, resort to the vendee, unless the note was forged, or there was fraud or misrepresentation on his part as to the solvency of the maker.*

NEW-YORK,    below not having made any special contract to take the note
May, 1818.   at their own risk, the defendant was liable for the amount of
GILBERT     it; and rendered judgment accordingly.
v.
VANDERPOOL.

*Per Curiam.* The justice erred. Admitting the rule
of law to be as he apprehended, yet he clearly misap-
plied it; for the evidence in this case showed very satisfac-
torily that the vendors agreed to take the note at their own
risk. The purchaser told them expressly that he would not
endorse it, and there is no pretence of fraud. The decision
in the case of *Whitbeck* v. *Van Ness*, (9 *Johns. Rep.* 409.)
gives the true rule on this point, which is, that if a vendor
of goods receive from the purchaser the note of a third per-
son, at the time of the sale, (such note not being forged, and
there being no fraud or misrepresentation on the part of the
purchaser, as to the solvency of the maker,) it is deemed
to have been accepted by the vendor in payment and satis-
faction, unless the contrary be expressly proved.

Judgment reversed.