BUTLER *vs.* HAIGHT.

Where, on the sale of goods, the purchaser, instead of giving his own note for the goods, transfers the note of a third person, and guarantees the payment thereof, if the note be not paid when due, the vendor may recover on account for *goods* sold.

The note and guaranty may, in such case, be given in evidence under the money counts.

THIS was an action of assumpsit, tried at the Livingston circuit in October, 1829, before the Hon. ADDISON GARDINER, one of the circuit judges.

On the 24th October, 1828, the defendant purchased of the plaintiff cabinet furniture to the amount of $161,51, and gave him three notes, one signed by R. McNaughton and others for $65, bearing date in March, 1827, payable to the defendant or bearer in two years after date, for value received; the second, signed by J. Dart, for $66,56, bearing date in October, 1828, payable to the defendant or bearer on 1st June, 1829, for value received; and the third, the defendant's own note, for $34,59, payable 1st May, 1829; the three notes, including interest and deducting an endorsement on the second, amounting to the price of the furniture. On the note of McNaughton was an assignment and guaranty in these words: "I assign the within note to S. F. Butler, and guarantee the payment of the same, if not collected in cash;" and on the note of Dart was an assignment and guaranty in these words: "For value received, I assign the within note S. F. Butler, and guarantee the payment of the same;" to both of which assignments the name of the defendant was subscribed. The declaration contained counts for *goods sold* and delivered, and the common *money counts.* On the trial, the plaintiff proved the sale of the furniture and the making of the third note, and offered two other notes with the assignments thereon in evidence, after proving the signature of the defendant. The defendant objected, that the making of the notes ought to be proved, that the plaintiff should have counted specially on the notes and endorsements, and that no recovery could be had on the Mc-

Naughton note until after an attempt to collect the amount of the makers ; the objection, however, was overruled, and the notes with the endorsements were received in evidence ; and the plaintiff proved in addition, that on the day the McNaughton note fell due, the defendant received payment of the same. The defendant then gave in evidence a bill of the furniture sold, signed by the plaintiff, in which he acknowledged that the notes were turned out and given by the defendant to him *in payment* for the furniture. A verdict was entered for the plaintiff for the amount of the notes, which the defendant now moved to set aside.

*C. P. Kirkland,* for defendant. The notes assigned by the defendant were received by the plaintiff *in payment,* and an action, therefore, would not lie for the original consideration. Besides, the notes of *third persons* being taken, the plaintiff was bound to pursue his remedy on them. 5 Johns. R. 68. 11 id. 409. 15 id. 241. The defendant having received *property,* there could be no recovery against him as for *money* received. 2 Starkie's Ev. 107, n. 1. The plaintiff was entitled to recover only the amount of the defendant's note, and the verdict must be reduced.

*Greene C. Bronson,* (attorney-general,) for plaintiff. The term of credit having expired, the plaintiff might recover either on the original consideration, or on the notes, as he should elect. The defendant's own note surely was recoverable under the common money counts ; so also McNaughton's note, as it was paid to the defendant. As to the other note, it manifestly was not received in payment ; a guaranty was exacted, and not being paid when due, the plaintiff might recover under the common counts, notwithstanding the transfer to him of the note. 7 Cowen, 662. 2 Saunds. on Pl. and Ev. 533, 4.

*By the Court* SUTHERLAND, J. I perceive no legal objection to the plaintiff's recovery in this case, either upon the count for goods sold and delivered, or under the common money counts.