## MONROE and others *vs.* HOFF.

Where a party applying to purchase goods, instead of an immediate delivery, receives the due bill of the seller promising to deliver them on demand, it is virtually a purchase of the goods, and assumpsit for goods sold will lie.

Where one, upon the purchase of goods, transfers to the seller a note of a third person, and with a view to add his own responsibility, indorses a guaranty of the collection of the note, which is however void for not expressing the consideration; the seller may recover in assumpsit against the purchaser for goods sold—the guaranty though void affording evidence that the note was not taken in payment.

ASSUMPSIT, tried at the Onondaga circuit, in April, 1846, before WHITING, Cir. J.

The declaration was for goods sold, and on the guaranty of a promissory note. Plea, *non-assumpsit.*

The plaintiffs proved that on the 15th day of June, 1842, the defendant being desirous of obtaining some goods from their store for one Newell, of whom he was purchasing some property and who was willing to receive goods in payment, applied to the plaintiffs to sell him the goods, and offered to transfer to them a note for $75 which he held against J. F. Sprague, not then due. The plaintiffs were not acquainted with Sprague, but the defendant represented him to be good, and offered to guaranty the note. The plaintiffs agreed to let him have the goods on these terms, and they accordingly gave him a due bill payable in goods on demand to the amount of the note of Sprague, and the defendant signed a guaranty endorsed on that note in these words: "I guaranty the collection of the within note," and delivered it to the plaintiffs, adding that if the note was not good he would make it good. The defendant delivered the due bill to Newell who received the goods upon it. When the note of Sprague became due, the plaintiffs prosecuted the maker to judgment, and the execution was returned unsatisfied. They then brought this action.

The defendant insisted that the plaintiffs received the note of Sprague with his guaranty endorsed upon it in payment for

Monroe *v.* Hoff.

the goods or for the due bill, and that they could sustain no action except on the guaranty; or if any action other than one on the guaranty could be maintained, it would be on a special agreement to pay for the due bill, as there was not, as he contended, any goods sold by the plaintiffs to the defendant, and they requested that the jury might be instructed to that effect. The judge declined so to charge; and he advised the jury that although the note with the guaranty was transferred and received in payment for the due bill, still the plaintiffs might waive that, and recover for goods sold and delivered. The de fendant's counsel excepted. Verdict for the plaintiffs.

*C. Tucker*, for the defendant moved for a new trial on a case. There was no ground, he said, for recovering for goods sold, for none were sold by the plaintiffs to the defendant. But the note was taken in payment. At any rate the judge assumed that the jury might so find. In such a case the law is the same as though a chattel had been taken in payment. (*Frisbie* v. *Larned*, 21 *Wend.* 450.) The only remedy against the defendant which the plaintiffs contracted for was on the guaranty. But the guaranty is void for not expressing the consideration. (*Packer* v. *Willson*, 15 *Wend.* 343; *Hunt* v. *Brown*, 5 *Hill*, 145.) So that the plaintiffs really retained no valid engagement of the defendant, and they must rely on the note of Sprague. The judgment obtained on the Sprague note should have been assigned to the defendant.

*H. Denio*, for the plaintiffs. The fact that the plaintiffs exacted a guaranty of the defendant, shows conclusively that the goods were parted with on his credit, and not because they were willing to take the note of Sprague for them. Though the guaranty is void and there was no legal collateral contract, yet there was a contract of sale which always implies a promise to pay the purchase money; and it being clear that the plaintiffs never thought of trusting to the responsibility of Sprague, there is no reason why they should not recover for goods sold.

Had the guaranty been a valid one, the plaintiffs might still have waived it and have brought an action for goods sold. (*Butler* v. *Haight*, 8 *Wend.* 535.)

The giving of the due bill for the goods to enable the defendant to carry out his arrangement with Newell, who was to have them, was virtually a sale of the goods to be delivered to the defendant or his order when called for.

WHITTLESEY, J. The transaction between the plaintiffs and the defendant was really a sale of goods by the former to the latter. The defendant did not wish to take or select them at the time of the contract, and he took an order or due bill that he or the person to whom he might wish to transfer the due bill could select them as he pleased thereafter. It was not the less a sale of goods to the defendant because he took a due bill instead of the goods, and an action can be sustained for goods sold.

The doctrine now is that if the note of a third person is taken, either for goods sold at the time of making the contract or upon an antecedent debt, it is not considered a payment unless agreed to be taken as payment. The inquiry in each case then is whether the creditor or vendor agreed to take the note in payment. (*Porter* v. *Talcott*, 1 *Cowen*, 383, *per Sutherland, J.*) Looking at the facts in this case we shall have no difficulty in determining at whose risk the note was to be taken, or rather in saying that the vendors did not intend to take it at their own risk. The vendors knew nothing about the maker; the purchaser was believed to be responsible and he offered to guarantee the note. Clearly then the plaintiffs sold upon the credit and responsibility of the defendant alone, as much as if the defendant had given his own note alone for the goods. The time when the defendant would be liable to pay would be after the plaintiffs had failed in their legal endeavors to collect the amount of the note of the maker. When that time had arrived, the plaintiffs might at their option sue upon their guarantee or for goods sold in the same manner as if the defendant

had given his own note. The case of *Butler* v. *Haight*, (8 *Wend.* 535,) decides this case.

It is true that the guarantee is void, (*Hunt* v. *Brown*, 5 *Hill*, 145 ; *Packer* v. *Willson*, 15 *Wend.* 343 ;) but that does not affect the question or the principle. Though the plaintiffs could not recover on this guarantee, yet we can see, through the fact of the guarantee and the circumstances attending the sale, that the plaintiffs did not intend to take, nor the defendant to transfer, the note in payment for the goods, and that is the material fact to govern the case.

The judgment recovered against the maker of the note will of course be the property of the defendant, and the plaintiffs should perhaps have offered to transfer it to him on the trial. But as no objection was taken for such omission on the trial, it cannot be taken here.

I think a new trial should be denied.

McKissock, J., concurred.

Beardsley, Ch. J. Looking at the case as presented by he pleadings and evidence, and the objections made to a recovery, I think a new trial should not be granted. What is spoken of as a guaranty of the Sprague note, was an undertaking in form, for the debt, &c. of Sprague, but no consideration for the promise being expressed in the writing executed by the defendant, it was *void*. Such are the words of the statute. (2 *R. S.* 135, § 2.)

The goods paid by the plaintiffs on the due bill, may, with propriety, be said to have been sold to the defendant, this note, with the guarantee, and the other two notes, being received in payment for the goods. The case turns wholly upon the effect of the transfer of the Sprague note to the plaintiffs. As the written guarantee in form, was void, it cannot affect the case any way, and the oral evidence given on the trial shows that the defendant made an unqualified engagement that the note should be paid or he would make it good. This meant that he would pay for what the plaintiffs advanced in goods for him.

The payment of the goods by the plaintiffs as they had agreed with the defendant was not contested, and assumpsit for goods sold was maintainable. (8 *Wend.* 535.)

New trial denied.