[10  573]
[85h 491]

COMBS and SHUTE *vs.* BATEMAN.

Under the code, the assignee of a chose in action is the proper party to bring an action thereon, if he is the party in interest, and entitled to the money due upon the same.

Where a person who is directly interested in favor of the plaintiff in a cause, is called and examined as a witness, by the defendant, the objection to his competency is thereby waived, and he is made a witness generally in the cause.

E. agreed by parol with B. to exchange a span of horses for two yoke of oxen of the latter, worth $80 each, and B.'s note for $20. The property, though of a greater value than $50, was not exchanged, nor any delivery made. In an action against B. upon the note, *held* that the agreement was within the statute of frauds, and that the only consideration for the promise of B. being the agreement of E. to exchange his horses for the oxen of B., such promise was without consideration and void, and that no action could be sustained thereon.

*Held also,* that the giving of his own note, by B., was not a payment of a part of the purchase money, within the statute of frauds.

Otherwise, *it seems,* where the note of a third person is agreed to be taken in satisfaction of a debt.

THIS action was commenced in a justice's court upon a note for $20, payable in oats, to George Ehle or bearer, and transferred to the plaintiffs after due; the payee (Ehle) agreeing to put the note in judgment, or in default thereof to pay the plaintiffs $15. The defendant insisted that the suit should have been brought in the name of Ehle as the party in interest. Ehle was improved as a witness for the defendant, and after examination and cross-examination was recalled to new matter by the plaintiffs, under objection by the defendant. It was proved that the note was given under the following circumstances: Ehle agreed with the defendant to exchange a span of horses for two yoke of oxen worth $80 each, and a note for $20 payable in oats. The agreement was made in the morning, but the property was not exchanged or any delivery made; but the defendant gave the note and was to drive his oxen to the house of Ehle and make the exchange for the horses the same after-

noon.  He did not do so, and afterwards Ehle tendered to him the horses and demanded the oxen, but the defendant refused to perform the contract, and now insisted that the contract was void by the statute of frauds, and the note therefore given without consideration.  The jury rendered a verdict in favor of the plaintiff, upon which judgment was rendered, which was affirmed by the Madison county court, and from the latter judgment the defendant appealed to this court.

*W. E. Lansing*, for the appellant.

*W. J. Hough*, for the respondent.

*By the Court*, ALLEN, J.  Upon the evidence the plaintiffs were the proper parties to bring the action.  They were the parties in interest and entitled to the recovery.  Ehle was a mere guarantor.  (*Code*, § 111.)  Neither was there any error in permitting the plaintiffs to re-examine Ehle after he had been improved as a witness by the defendant.  He was clearly interested in the event of the action, and unless made competent by § 398 of the code could not have been called by the plaintiffs, in whose favor he was interested.  But the defendant, by calling him as a witness, waived the objection, and made him a witness generally in the cause.  (*Varick* v. *Jackson*, 2 *Wend.* 166. *Fulton Bank* v. *Stafford*, *Id.* 483.)  The evidence that Ehle had the day before the consummation of the contract, and during the pendency of the negotiation, told the defendant of the ailments of the horses, was properly admitted by the justice.  It disproved the fraud and negatived the concealment of the defects complained of.  (*Murray* v. *Bethune*, 1 *Wend.* 191.) The only remaining question is as to the validity of the undertaking upon which the action is brought.  The only consideration for the promise is the agreement of the payee to exchange his horses for the two yoke of oxen of the defendant, and if that agreement is void by the statute of frauds the promise is without consideration and void.  The property was of a greater value than fifty dollars, and the agreement is therefore within

Combs v. Bateman.

the statute requiring a note or memorandum thereof in writing, subscribed by the parties to be charged thereby, unless the purchaser has accepted and received the property, or at the time has paid some part of the purchase money. (2 *R. S.* 136, § 3.) The contract was not reduced to writing. Neither was the property or any part of it delivered, and the only question is whether the giving the note in question was a payment of a part of the purchase money, within the statute. The delivery of a bill of exchange or promissory note on account or in pay-ment of the price of goods sold under a parol contract, is said, in some of the elementary works, to take a case out of the statute. (*Chit. on Cont.* 397. 10 *Petersd. Ab.* 128, *note.*) Chitty adds as a reason, that such instrument amounts to pay-ment, till dishonored, and cites *Chitty on Bills,* 7*th ed.* 97 ; *Id. 8th ed.* 80, *note v.* 84. This doubtless refers to a bill of ex-change or promissory note of a third person, and not of the purchaser. The delivery of the note of the purchaser can in no sense be said to be a payment. It may suspend the right of action of the seller, for the purchase money, until the matu-rity of the note, but the absolute liability of the purchaser remains. Not so, however, in all cases of the delivery of the obligation of a third person. That, when agreed to be taken in satisfaction, is an absolute payment, and in all cases the purchaser's liability is contingent. (*Breed* v. *Cook,* 15 *John.* 241. *Porter* v. *Talcott,* 1 *Cowen,* 359. *Whitbeck* v. *Van Ness,* 11 *John.* 409. *Story on Prom. Notes,* § 104, *and cases cited. Butler* v. *Haight,* 8 *Wend.* 535.) All that was done in this case was that the parties respectively promised to per-form the agreement which they made. It is true that the de-fendant put one part of his undertaking, viz. his promise to pay twenty dollars in oats at a future day, in writing. That promise, if made upon good consideration, was good without the writing, and without consideration the written promise can not be upheld. So it is still but the promise of the defendant. There is no payment, and the contract to deliver the property which was the subject of the exchange, and was of greater value than fifty dollars, was not reduced to writing and signed by the

parties. It was all an entire contract, and the fact that one part of it was in writing does not aid the plaintiff. That part required by statute to be in writing was not so evidenced. (*Mechelen* v. *Wallace,* 7 *Ad. & E.* 49. *Harvey* v. *Graham*, 5 *Id.* 61.) The consideration of the agreement to pay the twenty dollars in oats was the undertaking of the plaintiff to sell and deliver his horses, and that was void, not being in writing. There was therefore no consideration for the defendant's promise, and judgment should have been given for him. ( *Walker* v. *Nussey,* 16 *Mee. & Wels.* 302. *Archer* v. *Zeh,* 5 *Hill,* 200, *and opinion of Cowen, J. pp.* 203, 204.) The judgment of the county court and of the justice must be reversed.

