## TYLER *vs.* STEVENS.

Where the payee of a note indorsed the same to the defendant, and the latter transferred it to the plaintiff, for a valuable consideration advanced by him at the time, the defendant executing upon a separate paper a guaranty of the payment of the note, but the *guaranty expressed no consideration; Held,* that the guaranty, being supported by a consideration *in fact,* independent of the note, was valid ; but that if not collectable as a contract of guaranty, the plaintiff was entitled to recover on a count for money lent and advanced, upon the implied assumpsit.

In an action upon such a guaranty the defendant may show that the note has been paid. But evidence that money or property has been delivered by the indorser to the plaintiff, without showing an understanding that it should be applied upon the note, will not authorize a legal presumption of the satisfaction of the note by the indorser.

THIS was an appeal by the defendant from a judgment of the county court of Lewis county, affirming the judgment of a justice of the peace in favor of the plaintiff.

On the 6th of October, 1841, Charles R. Milks made a promissory note as follows :

" Ninety days from date I promise to pay to the order of Joseph Keifer, thirty-five dollars and seventy-one cents, at the Bank of Lowville."

The payee indorsed the note to the defendant, and the defendant transferred the same to the plaintiff, at the same time exe-

Tyler *v.* Stevens.

cuting to him a guaranty on a separate paper, of which the following is a copy: "I guaranty the payment of a note of $35,$\frac{71}{00}$ face, payable at the Lowville Bank, signed by Charles R. Milks and indorsed by Joseph Keifer, dated October 6th, 1841."

This suit was commenced before the code took effect, and the declaration therein contained counts upon the guaranty, and for money lent and advanced. On the trial the defendant was sworn as a witness and testified as follows: "I delivered the guaranty in question to Tyler (the plaintiff,) I sold him Milks' note and received from him $35. I received the $35 when I delivered the guaranty, as the consideration for the execution and delivery of the guaranty and the sale of Milks' note."

The defendant resisted a recovery, on the ground that the guaranty expressing no consideration was void, and that the proof of a consideration in fact was not sufficient to take the case out of the statute of frauds.

*D. M. Bennett*, for the plaintiff.

*J. Mullen*, for the defendant.

*By the Court*, HUBBARD, J. It was insisted on the argument by the plaintiff's counsel that this guaranty imported a consideration, because it was a guaranty of *payment*. There is no authority to sustain this position. This guaranty, it must be borne in mind, was made *after* the making of the note by Milks, and upon a consideration or inducement having no connection with the contract embraced in the note. It was in consideration of an advance of $35, in money, by the plaintiff to the defendant, at the time of the transfer of the note. All the cases referred to by the counsel, are cases of guaranties made simultaneously with the note, as one transaction, and the consideration which supports the promise of the maker of the note, has been held to furnish sufficient aliment to support the guarantor's promise of payment, and that the guaranty made under such circumstances may be regarded as in legal effect a promissory note, and

Tyler *v.* Stevens.

collected as such, although no consideration is expressed. (*Hunt* v. *Brown*, 5 *Hill*, 145.) Those authorities therefore, can have no application to this case, and it will be unnecessary to question the soundness of the doctrine which they maintain. I may be allowed to say, however, that the once favorite theory of avoiding the statute of frauds, by construing a guaranty of payment into a promissory note, by the circumstances under which it was made, has not received the entire approval of recent adjudications.

This action, however, can be sustained upon two grounds. 1st. The guaranty is valid, because supported by a *consideration in fact*, independent of the note; and 2d. If not collectable as a contract of guaranty, the plaintiff is entitled to recover on his count for money lent and advanced, upon the implied assumpsit.

Since the leading case of *Leonard* v. *Vredenburgh*, (8 *John.* 29,) it has been repeatedly held that a consideration distinct from the liability of the maker of the note may be shown, to uphold a guaranty. So in this case it was competent to prove that this guaranty was made in consideration of an advance of money by the plaintiff to the defendant, to show that it was but a mode of payment of the debt of the defendant then contracted; that his contract of guaranty was not *collateral* to the promise of the maker of the note, but was an *original undertaking*, and hence not a *special* promise to answer for the debt of another. In the case of *Johnson* v. *Gilbert*, (4 *Hill*, 178,) it was distinctly held that the statute of frauds applies only where the promisor stands in the relation of surety to some third person, who is the principal debtor; that a guaranty, although it expressed no consideration, could be upheld by proving a new and independent consideration. That case was like this, in its essential facts, and it will be unnecessary to cite other authorities on this subject. There are no reported cases to my knowledge, contravening this doctrine. In the court of appeals, this rule of law has recently been questioned by a learned minority of that court, and not without much reason and strength of argument. (*Brown* v. *Curtis*, 2 *Comst.* 225. *Durham* v. *Manrow*, *Id.* 533.) But the principle of the case of *Johnson* v. *Gilbert*, above referred

Tyler *v.* Stevens.

to, was distinctly sustained in the decision in each of those cases. So that unquestionably the law of this case is, that this guaranty is valid, being upheld by the advance of the money by the plaintiff to the defendant at the time it was made.

If this was an open question, I should be inclined to hesitate before submitting to this doctrine. In form this guaranty is within the statute of frauds. It is in terms a contract to answer for the debt of Milks, and there is nothing about it from which an inference of an original promise can be drawn. The statute clearly pronounces it void, but still parol evidence is allowed, to infuse a new element, to give it vitality; to change materially the nature and operation of the writing—changing it from an apparently collateral into an original undertaking. This is allowed upon the principle of giving effect to the supposed intention of the guarantor, and to prevent a failure of his contract. Why this principle should be applied to this species of writings, while it is withheld from perhaps every other, it is difficult to perceive. The guarantor is thereby subjected to an entirely different contract from that which the writing literally imports, and a violation as it appears of that salutary rule of law, which regards the unambiguous written agreement of the parties as controlling and defining their rights under it. Had the courts, in their solicitude to prevent an entire failure of the contract, required the holder of such a guaranty to resort to his original consideration on which the invalid guaranty was based, it would have been more in harmony with the statute, and violated no settled rule of law.

On the second point, there can be no doubt of the plaintiff's right to recover upon an implied assumpsit for the money which he advanced as the consideration of the guaranty. If the guaranty is invalid, his claim for money loaned is existing. The verdict of the jury does not appear to exceed the amount of that claim and interest. In the case of *Durham* v. *Manrow*, before referred to, Judge Jewett, in speaking of the case of *Brown* v. *Curtis*, says in substance, that case is well sustained, not on the guaranty, for that was void, but the evidence showed a right to recover on the money counts.

Tyler *v.* Stevens.

The remaining question raised upon the argument was in relation to the offer and rejection of evidence on the trial. The proposition of the defendant was to prove that Keifer, the indorser, had advanced money and delivered property to Tyler. It was objected that such evidence was immaterial, unless *it had application to the note in question.* The objection was sustained, but the court allowed the defendant to show that the note had been paid, which of course would satisfy the guaranty; but at the same time holding that evidence of general dealings between the indorser and the holder of the note was immaterial and inadmissible. In this ruling there was no error ; evidence that money or property had been delivered, without showing an understanding that it should be applied upon this note, would not authorize a legal presumption of the satisfaction of the note by the indorser ; and particularly could no such implication arise in this case, for the reason that as Keifer, the indorser, was not charged by protest, he was under no legal obligation to pay. At least I infer he was not charged, although there was no evidence on the subject, in the case ; because that fact was made a ground of argument by the defendant's counsel for the reversal of the judgment : and as to that ground it is sufficient to remark that it is unavailing here, for the reason that it was not assumed on the trial in the court below. Had it been, perhaps the plaintiff might, if necessary, have obviated the objection by proof.

The judgment of the county court must be affirmed.

[ONEIDA GENERAL TERM, January 6, 1851. *Pratt, Gridley, Allen* and *Hubbard*, Justices.]