Ca’ruthees, J.,
delivered the opinion of the court.
This action of assumpsit was brought to recover $1,000, the amount of a certificate of deposit given by the Merchants’ Insurance Office to G. T. Greenfield, by whose administrator or executor it was assigned to the defendants, and by them it was delivered to the plaintiffs, in part payment of a note of $2,000 in favor of *512 one Carrington against the defendants, held by the Bank for collection. The other $1,000 was paid in cash, the note given up, and the whole amount of $2,000 entered to the credit of Carrington, and paid to him in a check on the North. The certificate was sent to Nashville, to be collected from the office which was then paying all demands against it; but refused to pay this, upon the ground that the authority oí the assignor or representative of the payee, did not accompany the certificate. It was returned, and one of defendants requested to procure the desired evidence, and the matter having been some days delayed, the office failed, and the money lost. Upon the last demand at the office, with the proper evidence of Mrs. Greenfield’s representative character, the certificate was protested for non-payment, but no notice given to any of the parties. The bank received the certificate in payment of the note as cash, and there was no assignment by the defendants. The bank then instituted this action, and the question is, whether the defendants are liable under the circumstances?
They are not liable on the paper, because they did not in any way bind themselves upon it, so as to become guarantors or assignors. It is not pretended that they were guilty of any fraud or misrepresentation. The claim was unquestionably good at the time it was passed to the bank, and would have been paid on demand, if it had been accompanied with the proper evidence of transfer from the original payee. This it was the duty of the bank to have procured, as the certificate had been taken as cash, in payment of a debt in its hands as agent for collection, and was no longer in the powder or under the control of defendants. There was no act *513 to be done by tbe defendants, the neglect of which, would mate them responsible.
There can be no ground on which they should be subjected to a loss, which resulted from the delay or neglect of the plaintiff to make the claim available. This certainly would have been different if the claim had been received as collateral security, or to collect and apply as agents of defendants; or, perhaps, if nothing had been said or agreed upon that subject. But it was taken as cash, and in payment of that amount of the note of Carrington, and the amount was so entered to the credit of Carrington, and paid over to him, and the note given up to defendants as paid off and discharged. It was voluntarily taken as cash by the officers of the bank, by which the defendants were prevented from attending to the collection of it themselves, which doubtless they would have done without delay, in order to pay off the note against them. There can be no principle, under these circumstances, that would throw the loss upon them.
The plaintiff insists that this is a case of money paid out for the use and benefit of defendants, and upon that count a recovery should have been had. But there was no request, either express or implied, to make the payment. Chitty on Con., 591-2.
The certificate was offered and taken in discharge of the note upon them as cash, and there remained no debt due to Carrington from defendants upon which money could have been paid for them. It became the debt of the bank, as it had received the amount in such funds or paper as was acceptable, and voluntarily taken in full discharge.
*514 Proof of tbe acceptance of a promissory note or bill of a third person, if it appear to be tbe voluntary act and choice of tbe creditor, and not a measure forced upon him by necessity, when nothing/else could be obtained, will support the defense of payment. 2 Green-leaf Ev., § 523.
The omission of the creditor to have the notes endorsed by the party from whom he received them, is grima faoie evidence of an agreement to take them at his own risk. Ib., note 4. 11 Johns., 409. 15 Johns., 241. "Whether this security was accepted in satisfaction of the original claim, is a matter of fact for the jury. 9 Johns., 310. 15 Sar. & Raw., 162. If the creditor having the option of taking cash, elects to take a bill which is dishonored, the original debtor is discharged. Byles on Bills, 305.
In this case the makers of the note were good and solvent, and having this certificate of deposit, paid it over to the bank, because upon the suggestion of the defendants that they held it, and would pay it to them as cash if it would suit them, it was readily received, as perhaps it suited the bank better than money, as the funds would be at Nashville where it would probably answer their purposes better than at Columbia.
But let this be as it may, under a proper charge of the law, so far as it is applicable to the facts of this case, it has been found by a jury that the certificate was received as so much cash, in payment of the note held by the plaintiff against the defendants, and not as a means of payment, or an agent to collect and apply to that purpose, and we cannot disturb the verdict.
Let the judgment be affirmed.