Soffe *v.* Gallagher.

----

HENRY SOFFE *v.* JOSEPH P. GALLAGHER and JAMES FRIEL.

Where, upon a sale of goods, the note of a third person is expressly received as payment therefor; it will have legal effect as payment, although the purchaser indorses the note.

The vendor is bound in such case to treat the purchaser as an indorser of commercial paper, subject to the rights and liable only to the responsibilities of such an indorser.

And the vendor cannot, therefore, maintain an action for the price of the goods, although he produces the note and offers to surrender it upon the trial.

Where, however, there is an absolute and unqualified guarantee by the purchaser that the note shall be paid; *it seems*, that the note will not operate as payment, but only as a security extending the term of credit.

THE complaint in this cause alleged, simply, the sale and delivery, by the plaintiff, of goods and merchandise of a specified value; that the defendants, as copartners, were the purchasers, and had refused payment; and concluded by demanding judg-

ment for the value aforesaid, and interest from the day of sale.

The answer averred that the defendants, at the time the goods were purchased by them, jointly indorsed and delivered to the plaintiff, in payment therefor, a promissory note made by one Nathan K. Ballard, to the order of the defendant Gallagher or bearer, dated a few days before the sale, and payable at three months.

The suit was commenced after the maturity of the note. At the trial, the plaintiff produced and offered to surrender it.

The referee before whom the trial took place, reported in favor of the plaintiff for the amount claimed. The following is extracted from the opinion appended to his report:

" The legal effect of taking the note indorsed, or in other words, guaranteed, by the defendants, was to preclude any action until the note was matured. The note was protested on the 23d of January, 1852, and this action was brought on the 11th of February, 1852. If the plaintiff had taken in payment a note of a third person, upon which the defendants were not liable, then the defendants' liability would have been released as to the original demand. The defendants having indorsed or guaranteed the note, proves that their liability was not to be released for the original demand. Where the plaintiff produces the note at the trial, and offers to surrender it, as in this case, he can recover on the original demand. In such a case as the present, the plaintiff may sue on the original demand, or on the note. Under the circumstances of the present transaction, the taking the note was not a payment of the demand, but in legal effect, only security ; at all events, this is so far the law, that after the non-payment of the note, the plaintiff may sue on the original demand or the note at his option. Such, I think, is the result of the authorities."

From a judgment entered upon the report, the defendants appealed.

*P. H. Hopkins* and *Henry L. Clinton*, for the defendants, made and argued the following points :

Soffe *v.* Gallagher.

I. The evidence before the referee proved conclusively that the note of Ballard was given in payment of the goods in question ; that it was so understood and agreed to by the parties when the note was given to plaintiff. The referee erred in permitting the note to be given in evidence, and in permitting an offer of surrender of the same to be made to the defendants. In *St. John* v. *Purdy*, 1 Sand. S. C. R. 9, it was held that an acceptance by a creditor from a debtor of the note of a stranger in payment of an account, was a satisfaction of the demand. In that case, when the defendants ceased dealing with the plaintiff, he offered them a note he held payable at three months for $95, made by one J. M. Reynolds, and he told them they could either take the note in payment or that he would pay them the money in a few days. They took the note. The agent of the defendant indorsed it, although it was negotiable without his indorsement. The note was not paid. Sandford, J., says : "They had the option either to take the note in payment, or to wait a few days and receive the money. Their answer was that they would take the note, and they did take it. Of course they accepted it on the terms offered as payment ; and their crediting it on demand shows that they acted on that assumption. They cannot now reconsider the matter and revoke their election. The debt was discharged, and it is not revived by the payment of the note. The fact that the agent indorsed the note does not rebut the explicit evidence as to the terms on which it was received. If, as was agreed, the creditors knew of his insolvency, and thus could not have supposed that his indorsement would add to their security, it rather leads to the inference that his name was placed upon the note as evidence of its transfer. For if any security had been in view, the creditors would either have retained St. John's liability for the debt, or required him to indorse the note. Without enlarging upon the point, or examining in detail the numerous authorities, it suffices to refer to *Frisbie* v. *Larned*, 21 Wend. 450, as one which sustains the defence." The difference between the case of *St. Johns* v. *Purdy* and that before the court is, that in the former case the proof was com-

paratively slight as to the fact that the note of the third party was taken in payment. All that appeared on this point was, that defendant when called on by plaintiff for payment "offered them a note to be held payable at three months for $95, made by one J. M. Reynolds, and he told them they could either take the note in payment or he would pay them the money in a few days, upon which they said they would take the note. They took the note and credited it." In the case of *St. Johns* v. *Purdy* the court are compelled from these circumstances to draw the inference that the note of the third party was taken in payment, and upon that inference of facts so drawn to apply the law, and hold that the giving of the note operated as an absolute extinguishment and satisfaction of the debt. In the case before the court for adjudication, the court are not left to inference as to the fact, for it is positively proved, and there is no conflicting evidence on the point, that it was not only expressly agreed between the parties that the note of Ballard was to be taken as payment, but this agreement was made, and the note delivered to the plaintiffs, before the goods were delivered to the defendants, taking the note as payment being the express condition on which the defendants received the goods. It was precisely the same in legal effect as though the defendants had paid plaintiffs, in barter for the goods, any ordinary chattel. In *Frisbie* v. *Larned*, 21 Wend. 450, it was held that the acceptance of the note of a third person from one of the members of the firm indorsed by him, together with the payment of the balance of the account against the firm in cash, is an accord and satisfaction of the demand against the firm ; there being no agreement that such note was received merely as collateral security. Cowen, J., says: "Williams' note indorsed by McKinney, was received as payment. This is evident from its being credited on the books, with the small sum of money paid at the same time, and the balance struck by the book. *Primâ facie* here was an accord and satisfaction." "The case is different from where a party gives his own note for his own debt, which is receipted as in full. There, on default of payment, the creditor has his election to go back

Soffe *v.* Gallagher.

to the original cause of action on surrendering his note to be cancelled." (Ib. p. 452.) "But it is otherwise of a note against a third person, transferred by the debtor, or a note procured from a third person as surety and accepted as satisfaction." "In both cases, however, whether at the time or after the original debt was created, if security additional to the debtors be required and taken, especially where a note of a third person is transferred by the debtor, etc., and taken by the creditor, and credit is given for it as a payment, the effect is the same as the acceptance of a horse or other chattel on the same terms. If the note be indorsed, the debtor must be charged as indorser. If not, he is not chargeable at all, as he would not be for the goodness of the horse if he has not warranted him. A new and distinct contract is made, and new relations arise out of it. For the security may still be collateral, but independent of proof affirmative that this is so, I think the intendment of law should be that the security was received in satisfaction." The case before the court is not that of a party giving a note for an antecedent debt. But even if defendants had contracted the debt and incurred the obligation to pay before the note was thought of, and the note of Ballard had been in law and in fact given to plaintiff for an antecedent debt, the proof being positive that it was expressly agreed to be taken in payment, it would operate as a satisfaction of the debt. Even a promissory note taken by express agreement in payment of a judgment is an extinguishment of the precedent debt. *New York State Bank* v. *Fletcher*, 5 Wend. 85, Marcy, J. "The rule established here in this state is that negotiable paper is not payment of a preëxisting debt unless it is expressly agreed to be accepted as such. In commenting on *Tobey* v. *Barker*, 5 Johns. R. 68, Justice Marcy observes, "The court say that a note, either of a debtor or of a third person, for a preëxisting debt is no payment, unless the creditor expressly agrees to take it as payment and to run the risk of its being paid, or unless he parts with the note, or is guilty of laches in not presenting it for payment in due time." The same doctrine is held in *Vail* v. *Foster*, 4 Com. 312.

II. The remedy would be upon the note, and upon that alone. The learned referee bases his decision on the ground that the defendants are indorsers of the note, and are therefore liable on the original demand as well as in the capacity of indorsers. The contrary is distinctly held in *Frisbie* v. *Larned*, already quoted. The defendants, if liable at all, are only liable as indorsers. Their defence to an action against them as· indorsers might, and probably would, be entirely different from any defence that could be interposed against the original demand. For example, the non-presentment of the note to the maker in due time. The only issue raised by these pleadings is whether the note was given in payment. The answer avers that it was, which is denied by the reply. The reply should have traversed the fact that the note was given, or set up matter in confession and avoidance. It does not aver that the note was given as collateral, and had not been paid, and was ready to be surrendered to plaintiff. It simply denies that the note was given in payment, which so far as the reply is concerned is a conclusion of law. The effect is that upon the pleadings the note was not admissible in evidence, nor could the plaintiff surrender it on the trial. The plaintiff does not apprise the defendant that the note is not paid until the trial before the referee. It would be monstrous if the law would permit the plaintiff to thus conceal the fact that the note had not been paid for more than a year after it became due, when but for such concealment the defendants perhaps might have secured themselves with the maker (Ballard) in their accounts with him. Such is not the law. The report of the referee should be set aside.

*R. H. Cudlip* and *Nathaniel B. Hoxie*, for the plaintiff, made and argued the following points:

I. The action was properly brought, because, 1, The note was not received as an absolute payment of the debt, the defendants having been required to indorse it; 2, The plaintiff did not and would not take the risk of the note being paid, but insisted upon the liability of the defendants being continued

and preserved, *i. e.*, that they should indorse the note. (*Tobey* v. *Barker*, 5 Johns. R. 68; *Johnson* v. *Weed*, 9 Johns. R. 309; *Whitbeck* v. *Vanness*, 11 Johns. R. 453; *Breed* v. *Cook*, 15 Johns. R. 241; *Butler* v. *Haight*, 8 Wend. R. 535; *Monroe* v. *Hoff*, 5 Denio, R. 360.)

II. The plaintiff having proved the sale and delivery of the goods, and offered to surrender and cancel the note at the trial, was entitled to recover the amount claimed, and the judgment should be affirmed. (*Holmes* v. *De Camp*, 1 Johns. R. 34; *Hughes* v. *Wheeler*, 8 Cow. R. 79.)

By the Court. Woodruff, J.—The referee has found, in this case, that the plaintiff sold to the defendants the goods for the value whereof this suit was brought, and took the promisory note of N. K. Ballard, payable to the order of one of the defendants, and indorsed by both of them, in payment for the goods.

And he concludes, as matter of law, that, inasmuch as the defendants indorsed the note, the plaintiff was at liberty, after the maturity of the note, to sue the defendants for the value of the goods, and bring the note into court to be returned to the defendants; and, under that view of the law, he has reported in the plaintiff's favor for the original demand with interest.

I understand the rule to be well settled that taking the note of the purchaser of goods sold, or the note of a debtor for a preëxisting debt, is never deemed payment.

So that taking the note of a third person for a preëxisting debt is not payment, unless it be expressly agreed to take the note as payment; and yet, in this latter case, even if there be no express agreement to receive the note as payment, if the creditor is guilty of neglect in not presenting the note; or, if he passes it away, it will operate as a satisfaction of the original debt.

But where the note of a third person is given for a precedent debt, upon an express agreement that it shall be deemed payment or satisfaction, the debtor is discharged as truly and effectually as if satisfaction of the debt had been made by the

delivery and acceptance of a chattel or the conveyance of land.

So on a present sale of goods, if the terms of sale assented to by the vendor are that he shall receive the note of a third person in payment, the delivery and acceptance of the note are as truly payment as if the sale was for cash and the money was paid.

It frequently becomes difficult, upon conflicting evidence, to say whether a note so received was taken in payment or not; and then the circumstance that the debtor or purchaser continued his liability by guaranteeing the note, is of great weight if not conclusive in the vendor's favor.

Where there is an absolute and unqualified guaranty that the note shall be paid, it seems clear that the note will not operate as payment, but only as a security extending the term of credit. Such an absolute liability is inconsistent with the idea of payment; for, the guarantor, if liable, is so in respect of the original consideration, whether sued upon his guaranty or for the goods. And where there is a sale of goods, and in consideration thereof there is an absolute undertaking for the payment of the price, the consideration may be resorted to as well as the express agreement. Familiar cases are those where one purchases goods and gives his note therefor. The vendor may sue for the goods, and bring in the note to be cancelled, or may sue on the note. So where, instead of his own note, the buyer gives an absolute guaranty of the payment, even though the form of guaranty is that the amount shall be paid upon a note made by a third person.

This is consistent with the familiar rule, that one security of the same nature does not extinguish another. And if the guaranty be absolute, it cannot be payment, for the two things are irreconcilably hostile to each other and inconsistent. One cannot in law nor in the language of reason be said to have paid for goods, the payment for which he has absolutely and without condition guaranteed.

But there are other modes of continuing the risk of the purchaser, and between a payment by the note of another and a plain continuance of the original liability there are circum-

stances to be weighed in determining whether the note in question was received as payment or only as security.

The cases warrant us in saying that, where the liability of the purchaser is continued in any form, whether absolute or qualified, it is a circumstance going very strongly to show, and perhaps in the former case conclusively showing, that whatever the terms employed were, there was no real agreement to receive the note in payment and discharge of the debt.

And, in respect to this subject, there is a difference between the alleged payment or satisfaction of a precedent debt, and a payment on a present sale. In the former case, the debt exists and is unconditional; the creditor's right to payment is unqualified, and ought not to be and cannot be divested without the acceptance of an equivalent, and where, in such case, the debtor gives the note of a third person, it may be payment, if such is the whole agreement; but, if the debtor continues his own liability absolutely, it is a misuse of language to call it payment, although the parties use the term.

And, if the note be not paid, then the original consideration for the guaranty has not been satisfied; it was a giving of credit in fact and in law, and nothing more.

But a present sale of goods is of a different character. The vendor may sell and does sell upon any terms that please him, and his contract of sale is a single contract. If by that contract he gives his goods for half their value, he is bound. If he gives them for a note of the purchaser, he must abide its tenor. If he sells for the note of a third person, it is a mere exchange of property, he cannot look to the purchaser. If he requires a guaranty, general or conditional, he must pursue it. If he requires the purchaser to indorse the note for which he makes the sale, he holds such purchaser's liability as indorser, and nothing more.

In respect to the form of action or mode in which the purchaser in these cases is chargeable, the vendor is bound by his contract of sale; and why should he not be so, when it is upon the terms of that contract, and only upon those terms, that the purchaser consented to receive the goods?

It is true that, even in these cases, the vendor may, when the undertaking of the purchaser is absolute, and he is in default, proceed upon the original consideration. It is in respect of the goods that the latter is liable, and the production of the undertaking would be evidence of the breach of the conditions of the sale by the purchaser, or a breach of the agreement of the latter, which entitles the vendor to treat it as at an end, proceed for the consideration.

But where the undertaking of the purchaser is not absolute, but conditional, it is not enough to produce the agreement to be surrendered. Here is no agreement to pay for the goods, but only in consideration of the goods an agreement to enter into a special undertaking, which may or may not result in a liability; as, for example, a purchaser offers to give the note of a third person for goods, coupled with an agreement that if the note should not be paid when due, and should be sued within ten days thereafter, and judgment entered up, and execution issued with due diligence, and should not be collected, he would then pay the amount due thereon, or one half of such amount; or a sale of goods should be made upon any such special terms, can we hesitate to say that the vendor must resort to his special contract?

So I apprehend where a vendor sells goods and, as a part of the same contract, receives a note of a third person as payment, though indorsed by the purchaser. In truth, in such case, the only engagement made by the so-called purchaser is that of a commercial indorser. In strictness, he never agreed to pay for the goods, but only that if the note be not paid upon due demand thereof at maturity, he, on receiving due notice, would pay the same. If the note is expressly agreed to be payment for the goods, the above is the only contract between the parties, and the vendor is bound thereby as truly as the other party.

The case of *Booth* v. *Smith*, 3 Wend. 66, is even a stronger case, for in that this view is extended to the satisfaction of a precedent debt. (See case there cited.) And the case of *Frisbie* v. *Larned*, 21 Wend. 450, is to the same purport, and the

Soffe *v.* Gallagher.

principles above suggested are sustained by reference to numerous cases. In *Waydell* v. *Luce*, in the Court of Errors (3 Denio, 410), these cases are cited with approbation. And Talcott, Senator, says, of a case of satisfaction of a precedent debt by giving a new security, "the creditor must rely upon his new claim in the assertion of his legal rights." So here the vendor must rely upon just such a contract as was tendered to him, and with the conditions upon which alone the defendants became liable at all.

The cases of *Tobey* v. *Barber*, 5 Johns. 68; *Butler* v. *Haight*, 8 Wend. 535, and *Vail* v. *Foster*, 4 Coms. 312, do not conflict with these views. They show that unless the note of the third person is expressly received in payment, it will be regarded as collateral security only, or, at most, as extending a credit till the note becomes due. *Monroe* v. *Hoff*, 5 Denio, 360, shows very properly that, in considering the question of fact, whether a note was received in payment or not, the circumstance that a guaranty in terms absolute was indorsed thereon, was evidence, and I think it might have been held very strong if not conclusive evidence, that the note was not received as payment.

My conclusion is, that where, on a present sale, the negotiable promissory note of a third person is received as payment therefor, it will have that legal effect although the purchaser indorses the note, and that in such case the vendor is bound to treat the purchaser as an indorser of commercial paper, subject to the rights and liable only to the obligations of such an indorser; and, for this reason, that the judgment herein should be reversed and a new trial ordered.

It is proper to add that, although the referee has stated in his report that the note in this case was protested at maturity, there is no evidence in the case to that purport, and this was conceded by the counsel for both parties on the argument.

Judgment reversed and new trial ordered.