## WILLIAMS and others vs. KETCHUM.

*Rescission of contract for fraud:—Notes of third party taken for pre-existing debt: effect of debtor's guaranty.*

1. A party who wishes to rescind a contract for fraud, should take the necessary steps without unnecessary delay after discovering the fraud.
2. When a creditor receives in payment notes of a third party guarantied by the debtor, he cannot afterwards maintain an action on the original indebtedness by showing fraudulent representations by the debtor as to the maker's solvency, and tendering at the trial a return of the notes or an assignment of judgments recovered upon them, without having *previously* taken proper steps to rescind the contract of payment.
3. Such creditor must at least show that within a reasonable time after discovering the insolvency of the maker of said notes, and the fradulent character of the defendant's representations, and before bringing the suit, he tendered back such notes, or tendered such assignment of judgments rendered upon them, with a view to rescinding such contract of payment.
4. Where notes of a third party are received for a pre-existing debt, the *guaranty* of their collection is *not* to be treated as *prima facie* evidence that they were not received in *payment*.

APPEAL from the Circuit Court for *Outagamie* County.

This appeal was taken by the defendant from a judgment for the plaintiffs. The case is stated in the opinion.

*C. Coolbaugh,* for appellant, to the point that if it were true that defendant fraudulently misrepresented the value of the notes taken in payment, plaintiffs had mistaken their remedy, cited *Pasley v. Freeman,* 2 Smith's L. C., 55 ; *Smith v. Mariner,* 5 Wis., 551 ; *McNaughton v. Conkling,* 9 id., 316 ; *Castleman v. Griffin,* 13 id., 535 ; *Russell v. Clark,* 7 Cranch, 69–92 ; *Lord v. Goddard,* 13 How. (U. S.), 211. 2. To the point that de- defendant's guaranty of the notes was not proof that they were not received in payment, he cited *St. John v. Purdy,* 1 Sandf.,

9; *Conkling v. King*, 10 N. Y., 440; *Davis v. Spencer*, 24 id., 386.

*W. S. Warner*, for respondent, to the point that the guaranty of the notes by defendant is *prima facie* proof that they were received as collateral and not as payment, cited *Monroe v. Hoff*, 5 Denio, 360; Edwards on Bills, § 196. 2. To the point that plaintiffs were entitled to recover in this action, even if the notes were received in payment, on proof that they were so received in consequence of fraudulent misrepresentations of defendant, he cited 2 Greenl. Ev., § 523, and note 7; 19 Johns., 294; *Galoupeau v. Ketchum*, 3 E. D. Smith, 175; *Willson v. Foree*, 6 Johns., 110; *Pierce v. Drake*, 15 id., 475.

Downer, J. This action is brought upon the following memorandum: "I will be responsible for the purchase of goods from Williams, Smith & Co., for A. C. Dougherty, or by his order, until I give them notice to the contrary. Chicago, October 9, 1860. H. KETCHUM." On the 27th of May, 1864, there was a balance due Williams, Smith & Co., for goods sold Dougherty, of $257.62, for which *Ketchum* was liable. The account was made out, with the following receipt at the foot of it: "Received payment by *H. Ketchum*. WILLIAMS, SMITH & Co." On the execution and delivery of this receipt, Williams, Smith & Co. received from *Ketchum*, three notes made by one McCormick and wife, payable in nine, twelve and fifteen months from their respective dates, and none of them then due, for $100 each; and on the back of each was a guaranty, in these words: "I hereby guaranty the collection of the within, waiving notice. H. KETCHUM." The plaintiffs kept the notes till past due, recovered a judgment on two of them in their own names, and execution was returned *nulla bona*. At the trial of this action, for the first time, they tendered back the notes with an assignment of the judgments to the defendant. There was evidence tending to show fraudulent representations

on the part of the defendant as to the solvency of McCormick and wife.

The circuit court instructed the jury: "If the jury find that any misrepresentations were made by the defendant at the time of the delivery of the notes of the McCormicks to the plaintiffs, in reference to their value, it is no payment, if the notes were taken by the plaintiffs relying upon such representations, and in ignorance of the facts, even if they intended to receive them in full payment and discharge of the plaintiff's claim." This instruction is erroneous. If the plaintiffs intended to receive the notes in full payment of their claim against Dougherty, for the payment of which the defendant was his surety, they did receive the notes as payment, and full effect must be given to such contract until it is rescinded. If, within a reasonable time after they had discovered the insolvency of the McCormicks and the falsity of the representations of the defendant, and before the commencement of this suit, they had tendered back the notes with a view of rescinding the contract of payment, it might perhaps have been thus rescinded, and they be permitted to recover. But no such steps were taken, and the contract of payment, for aught that appears, remains in full force. A party who wishes to rescind a contract for fraud, should act without unnecessary delay after he discovers the fraud.

2. It is said the guaranty of collection of each of the notes is void, because no consideration is expressed therein. If the contract of guaranty is such as the parties agreed on, and there was no mistake in making it, then the plaintiffs have no reason to complain. If there was a mistake, then their remedy is by action to correct the mistake—not upon the original undertaking of the defendant; for that would turn a *conditional* into an *absolute* agreement.

3. The circuit court also instructed the jury, "that the guaranty upon the notes received for a pre-existing debt is *prima*

*facie* evidence that said notes ˙were received as collateral, and not as payment." *Butler v. Haight,* 8 Wend., 535, and *Monroe v. Hoff,* 5 Denio, 360, are cited as authorities to sustain the instruction. If they go to the extent, as is contended, of deciding that a conditional contract substituted for one that is absolute is *prima facie* evidence that the latter is still in force, we can draw no such conclusion from the premises. The cases cited may be in harmony with other decisions in New York, as to when and under what circumstances the courts of that state presume the notes of third persons were received as payment of a pre-existing debt. But we think the courts of that state have gone to great extremes on this question of payment in such cases—farther than the courts of other states; and we are not inclined, so far as they conflict with our views herein expressed, to follow them. We hold the instruction erroneous.

*By the Court.*—Judgment of the circuit court reversed, and a *venire de novo* awarded.