ALLEN *et al.* v. BANTEL, appellant.

*Payment — notes of a third person — presumption of fact.*

Plaintiff sold defendant a buggy, and took as part payment the notes of a third person, upon the representation of defendant that the maker of the notes was solvent, and that if the notes were not paid, he (defendant) would pay them. *Held,* that the defendant was liable for the amount of the notes.

Defendant's undertaking was evidence that the notes were not received as absolute payment; it was not necessary to be in writing, and plaintiff was entitled to commence action upon the non-payment of such notes at maturity, without an attempt to collect them of the maker.

APPEAL from a judgment of the county court of Monroe county, upon the verdict of a jury in favor of plaintiffs, in an action originating in justice's court.

In the summer of 1867, plaintiffs exchanged wagons with the defendant. The plaintiffs' wagon was a new one, and the defendant's an old one. By the terms of the exchange defendant agreed to give, in addition to his wagon, $15 in money, and two notes against one Stephen Vaughn, for $50 each. When defendant offered these notes in part payment of the difference between the prices of the two wagons, plaintiffs refused to accept them, on the ground that they did not know Vaughn, whereupon defendant stated that Vaughn was perfectly responsible, and would pay the notes when they became due. Plaintiffs then informed defendant, that they would take the notes on his responsibility and recommendation, and in no other way. Plaintiffs took the notes, and payment of the same not being made at maturity, sued Vaughn, the maker, and obtained judgment against him, which they were unable to collect by reason of Vaughn's insolvency. They then brought this action before a justice of the peace, after having tendered the notes to the defendant. Judgment was rendered in favor of plaintiffs for $109 damages, and $3.80 costs. Upon an appeal to the county court, the case was tried before a jury, who rendered a verdict in favor of plaintiffs for $113.65.

*J. C. Cochrane*, for appellants

*A. J. Wilkin*, for respondent.

MULLIN, P. J. The judgment appealed from must be affirmed.

The plaintiffs testified and the jury must have found that the notes made by Vaughn were taken in part payment of the buggy sold to the defendant, upon his guaranty that the maker was solvent and able to pay them, and that they would be paid, and if they were not, he, defendant, would pay them.

Notes of third persons thus taken are not deemed to be taken as absolute payment, and if not paid the person delivering them. is liable for such part of the price of the property sold as the notes were intended to pay.

The general rule is, that the note of a third person transferred to the vendor of property in payment in whole or in part of the price of property previously sold is not payment, unless it is expressly agreed so to be. *Noel* v. *Murray*, 13 N. Y. 167; *Hays* v. *Stone*, 7 Hill, 128. But when the transfer is made at the time of the purchase, the presumption is, that it is received in payment, and the burden of proving the contrary rests on the creditor. *Whitbeck* v. *Van Ness*, 11 Johns. 409; *Rew* v. *Barber*, 3 Cow. 272; *Breed* v. *Cook*, 15 Johns. 241.

In the case in hand the notes were received as payment, but upon defendant's guaranty that the maker was responsible, and if he did not pay defendant would. Such an undertaking is evidence that the notes were not received as absolute payment. *Monroe* v. *Hoff*, 5 Den. 360; *Johnson* v. *Gilbert*, 4 Hill, 178; *Torry* v. *Hadley*, 27 Barb. 192; *Tyler* v. *Stevens*, 11 Barb. 485.

It is of no consequence whether the guaranty is in writing or by parol, nor whether it is valid or void. In either case it is evidence that the creditor did not accept the instrument as an absolute payment of his demand, and, therefore, when the note or other obligation becomes due, and it is then unpaid, the creditor may sue on the original debt and cancel such collateral security on the trial. Waite's L. & P. 408, and cases cited.

Such being the rights and liabilities of the parties the plaintiffs were not under any obligation to attempt to collect the notes of the maker, and the omission to do so is not negligence.

It was the duty of the defendant, if he desired to have the notes collected by suit, to have paid the plaintiffs the amount due them and taken up the notes.

The judgment is right, and must be affirmed.

*Judgment affirmed.*