## SUPREME COURT—IN BANCO.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

### D. FOSTER & CO. *vs.* THOMAS SPENCER.

WHERE the note of a third party, viz : the defendant's agents, was taken on account, it not appearing that the plaintiffs agreed to take it in satisfaction of defendant's debt; HELD, that such note taken is not a payment or set off of plaintiffs' demand.

Mr. Justice HARRIS delivered the opinion of the Court.

This case is submitted under the statute, Section 1140 to 1143 of the Civil Code, upon the following statement of facts:

The plaintiffs claim of the defendant $533.92, for freight on their schooners, as per Exhibit "A," which freight is for sugars which it is agreed were carried on the plaintiffs' schooners at the time named in said Exhibit, and they also claim interest thereon to date.

The defendant avers that a note dated May 9th, 1874, signed by Walker & Allen, whereby they promise to pay $200, to the plaintiffs' order in thirty days from its date, which note it is agreed was received by the plaintiff at its

date, is an offset, and the only question of law is whether said note is to be regarded as a payment to the amount of its face; and if so, whether such payment is to be appropriated to this claim against the defendant.

It is agreed that this note is credited on Walker & Allen's books to the account of Foster & Co., as per copy of their account hereto appended marked Exhibit "B." And it is agreed that Exhibit "C," hereto attached, shows the freight bills presented by the plaintiffs to said Walker & Allen as agents for the parties to whom the same are made out between April 7th and May 9th last; that the note was dishonored, and that Walker & Allen are insolvent and unable to pay the same in full; that nothing was said by Walker & Allen as to applying the said note to any particular account, and that Foster & Co. had general business dealings with Walker & Allen besides a special freight account.

It is admitted by this submission, that the defendant Spencer was liable at some time for the whole of the amount set forth in the submission, the parties to the submission probably considering that the recent rulings in Mark Robinson *vs.* Hinds, and Parke & Robinson *vs.* S. L. Austin, in cases of affreightment very similar to this, was decisive of the responsibility of the defendant in this matter, and rightly so. And now the question arises as to whether the note of Messrs. Walker & Allen to the plaintiff extinguished any part of the debt of Spencer to the plaintiff.

If the creditor agrees to accept the promissory note of a third party in satisfaction of this debt, it would be an extinguishment of the debt; but the mere taking of the note without such an express agreement is not an extinguishment of the debt. (1 New Hm. p. 281). We can conceive of cases where persons taking notes of agents of plantations for freights would lose their hold upon the owners of the plantation, as for instance where a proprietor of a plantation had a large credit account with his agent, and was always ready

and willing to pay his freight, and supposing it to be paid, and by the bankruptcy of his agent became a loser, then the note of the agent thus taken would become a satisfaction of the debt by reason of the negligence of the creditor in not presenting his demand and collecting it from the principal. 1 New Ham. p. 282. Wright *vs.* First Crockery Ware Co.

In Monroe *vs.* Hoff, 5 Denio, 363, (see likewise Tobey *vs.* Barker, 5 Johns 72), it is said "the doctrine now is, that if the note of a third person is taken either for goods sold at the time of making the contract, or for an antecedent debt, it is not considered a payment unless agreed to be taken as a payment." Many authorities might be quoted to the same effect, and we believe this to be the generally accepted doctrine. In this case it does not appear that there was any agreement by the plaintiffs to take the note of Walker & Allen in satisfaction of Spencer's debt to them, and therefore we do adjudge that the said note is not a legal set off to the plaintiffs' demand.

A. S. Hartwell, for plaintiffs.

R. H. Stanley, for defendant.

Honolulu, January 30th, 1875.