Rosen v. Goldstein.

---

# New York Marine Court.

### Special Term—December, 1882.

# MYER ROSEN *against* MAX J. GOLDSTEIN.

**Discontinuance of action.**—Where the cause of action has been assigned, and the assignee on the one hand and the defendant on the other, agree to discontinue the action, effect ought to be given to their agreement.

Motion by defendant for an order discontinuing the action.

McAdam, J.—A few days after this action was commenced, the plaintiff assigned his cause of action to one Peckham, who has since signed a consent that the action be discontinued without costs. The plaintiff's attorney assented to the assignment. This put

the legal title to the claim in Peckham, and made him the real party in interest in the action (47 *N. Y.* 345; 10 *Barb.* 573; 14 *N. Y.* 322).

Being the real party in interest, he has the right to control the action, and direct what proceedings shall or shall not be taken therein, and when the real party in interest on one side, agrees with the party similarly situated on the other side, that a controversy of theirs shall be discontinued, the court should see that their wish is carried out. The plaintiff, as assignee of the cause of action, is liable for costs (*Code*, § 3247); a circumstance which furnishes an additional reason why the assignee should be allowed to terminate his liability. If the plaintiff has any reversionary interest in the claim itself, he does not lose it by the discontinuance of this action. If he is injured by the discontinuance, his remedy (if any) is against the assignee.

Motion granted.