JOHNSON
v.
WEED.

## JOHNSON *against* WEED AND ANOTHER.

A promissory note of a third person, taken for goods sold and delivered, is no payment, unless the vendor specially agrees to take it absolutely as payment. And where a note was taken in payment, and a receipt in full given by the vendor, it was held that it was a question of fact for the jury to decide, under all the circumstances, whether there was such a special agreement or not. And where there was evidence on both sides, and the jury found for the plaintiff, the court refused to set aside the verdict.

THIS was an action of *assumpsit* for goods sold and delivered. The cause was tried at the *New-York* sittings, in *June*, 1812, before Mr. Chief Justice *Kent*. The sale and delivery of the goods were admitted. The defendants proved a conversation between *Walter Weed*, one of the defendants, and the plaintiff, from which, the witness testified, he understood the goods were to be paid for in cash; but it was agreed between the parties, that the plaintiff should take the note of *John Townsend*, payable in 60 days, and that the discount on the amount for that time should be added. The plaintiff agreed to take the note in payment, and declared himself perfectly satisfied with it, and said that *Townsend* was as good as any man in *New-York*; and from all that was said, the witness understood that the note was to be an absolute payment for the goods. The note of *Townsend* was dated the 21st *November*, 1807, for 647 dollars, payable to the plaintiff, or order, sixty days after date. *Townsend* stopped payment on the 28th *December*, before the note was due, and was discharged under the insolvent act, passed the 3d *April*, 1811, without having paid the note.

The plaintiff proved that *Walter Weed* came to his house, on the evening of the 21st *November*, 1811, and produced the note of *Townsend* to the plaintiff, who observed that it ought to have been made payable to, and endorsed by, the defendants. *Weed* said it was late in the evening, and his vessel was ready to go to *Albany*, and that it would *make no difference*. The plaintiff then took the note, and gave the defendants a bill of the goods, and a receipt in full, at the bottom.

The judge charged the jury, that unless the plaintiff agreed to receive the note as payment, and to run the risk of its being paid, the mere taking the note would not amount to a payment, if, before the note became payable, it turned out to be of no value, and the plaintiff might resort to his original demand; and that, whether the plaintiff did or did not take the note in question, under such an agreement, was a matter of fact for the jury to find. The jury found a verdict for the plaintiff, for the amount of the goods sold and delivered.

A motion was made to set aside the verdict, and for a new trial.

*Foot*, for the defendants.

*Parker*, contra.

*Per Curiam.* If it was a part of the original agreement between the parties that the plaintiff should take *Townsend's* note, in full satisfaction of the goods sold, so that he, and not the defendants, should run the risk of the note, then, undoubtedly, the plaintiff has no right of action. But the fact, whether such was or was not the agreement, was submitted to the jury, and they have decided in favour of the plaintiff. The books all agree that there must be a clear and special agreement that the vendor shall take the paper absolutely as payment, or it will be no payment, if it afterwards turns out to be of no value. (2 *Ld. Raym.* 929, 930. 1 *Salk.* 124. 7 *Term Rep.* 66. 3 *Johns. Cas.* 72. 6 *Cranch*, 264.) And this rule, requiring such a special agreement, ought to be adhered to, for it is well calculated to prevent fraud and support justice. Was the evidence of the agreement in this case so clear as to call upon the court to set aside the verdict? One witness understood the agreement in that light; yet, when the note was offered in payment, the plaintiff said it ought to have been endorsed by the defendants, and the defendants did not then urge the alleged agreement that they were to take no risk of the note, but removed the objection of the plaintiff, by saying that it would make *no difference.* The terms of the receipt are not decisive. It might still have been understood, consistently with the words of it, that the note was received in full, under the usual condition of its being a good note ; and besides, receipts have always been held open to explanation.

Upon the whole, there was evidence on both sides, and as the justice of the case is as much, if not more, with the plaintiff than the defendants, the court cannot interfere.

Motion denied.