THOMAS, JAMES and SAMUEL W. DAVENPORT, *vs.* JOSEPH B. SCHRAM and HERMAN BELLAK, Appellants.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard July 13.]            [Decided July 16, 1859.

*Payment—Evidence—Instruction—Promissory Notes.*

Where, in an action for the balance of an account, the defense was payment by the transfer of a note of third parties, and, on the trial, the note appeared to have been indorsed "without recourse," by the defendant, and a receipt of the plaintiff was offered, acknowledging the payment in full of the debt by the note in question ; held that it was error to refuse to instruct the jury that the note, indorsement and receipt, established a *prima facie* defense ; and, though the court below submitted the fact of payment to the jury upon the whole evidence, yet it was error to refuse the instruction asked for, as it constituted *prima facie* evidence of payment.

The action on which this appeal is brought, was instituted in the circuit court of Milwaukee county. The complaint shows that the plaintiffs had sold and delivered to the defendants goods, &c., of the value of $1,412, upon credit, to be paid at different times, and that $1,316 had been paid, and claimed a balance of $157 for principal and interest.

The answer confessed the purchase and payments, &c., and then averred the payment of the balance by a check for $79 49, and "by transferring a note signed by Cramer & Becker, payable to the defendants, for the sum of $157, which was then accepted by the plaintiffs in full satisfaction as payment, and that they gave the defendants a receipt in full."

On the trial the plaintiffs introduced the bill of goods sold, to which was annexed a receipt in full, by the receipt of the Cramer & Becker note; and also produced the original note, which had been transferred to them, indorsed "without recourse," and offered to return it to the defendants.

The defendants asked the court to give the following instruction :

"That the note, indorsement and receipt, constitute a *prima facie* defense."

Which instruction the court refused to give, and instead thereof charged the jury as follows :

"The main question in the case for your consideration is, whether the note of Cramer & Becker was taken absolutely in payment and discharge of the balance of the account. In determining this question you will consider the note and indorsement, the receipt, and all the other testimony given in the case. And if, upon a consideration of the whole testimony, you should be of the opinion that the note was taken absolutely in payment of the balance of the account, and that such was the intention of the parties, then you will find for the defendants; but if you find that such was not the intention of the parties, then you will find for the plaintiffs."

The verdict and judgment were for the plaintiffs.

Several other matters were involved in the trial, but the above statement is sufficient for an understanding of the opinion of the court.

*Ogden, Brown & Ogden,* for the appellants.

*Butler, Buttrick & Cottrill,* for the respondent.

*By the Court,* PAINE, J. We think, in this case, that the instruction asked for by the defendants' counsel, and refused by the court below, should have been given. The action was brought to recover a balance on an account. The defense was that the balance had been paid by transferring to the plaintiffs

the note of Cramer and Becker, which was received in payment.

The question submitted to the jury by the court below was, whether this note was received as absolute payment or not; and they were told that in determining this, they should consider the whole evidence. This, taken alone, was entirely unobjectionable. But the defendants were still prejudiced by the refusal to give the instruction asked. Because we think it clear that this instruction was correct; that is, that the account of the plaintiffs, receipted in full, showing that it was balanced in part by the Cramer & Becker note, together with the note indorsed by the defendants without recourse, was sufficient *prima facie* to show that the note was transferred in absolute payment of the account.

Although the court therefore submitted it to the jury, on the whole evidence, yet the defendants may clearly have been prejudiced by telling them at the same time, in refusing this instruction, that these items of evidence were not sufficient *prima facie* to establish the defense, when in reality they were sufficient. Because, though the jury considered the whole, yet, under this refusal, they would have allowed to these particular items less weight and effect than they were entitled to, and that very deficiency may have been all that was lacking in the minds of the jury to have supported the defense.

It was also argued that the judgment should be reversed for error in refusing a new trial, on the ground that the verdict was unsupported by the evidence. But we shall express no opinion upon this point, as we think the judgment must be reversed for the reason before stated.

The judgment is reversed.