## EASTMAN vs. PORTER.

A complaint by the vendor of land against *one* of two vendees, alleged that the
vendees gave their joint note for the purchase money, secured by mortgage
on the premises; that after the note fell due, the defendant agreed to pay
the plaintiff his (the defendant's) portion of said note, according to a divis-
ion of the land previously made between the vendees; that the defendant,
in pursuance of said agreement, "made payment to the plaintiff, and on

such payment the plaintiff received of him a sum of money and also his note for $357 92;" that thereupon the plaintiff released from the mortgage the defendant's portion of the land, and indorsed the amount of the last mentioned note and of said money upon the mortgage note as the defendant's share thereof; that afterwards the other vendee paid the plaintiff the balance of said mortgage note, and the plaintiff entered satisfaction of the mortgage; that the plaintiff afterwards brought an action against the defendant upon the separate note so given by him, in which judgment was rendered against the plaintiff on the ground that at the time of making such note the defendant had agreed to pay and had paid usurious interest thereon; and that the sum for which said separate note was given still remained due and unpaid. *Held*, on demurrer,

1.  That the severance of the original joint contract, as agreed upon between the plaintiff and defendant, was shown to have been ratified by the subsequent action of the other vendee.

2.  That the agreement to pay usurious interest appeared from the complaint to have been distinct from the agreement to sever the contract.

3.  That a subsisting simple contract is not extinguished (unless expressly so agreed) by the acceptance of another contract of the same kind, given by the same party and founded upon the same consideration, where both contracts are valid; and this is so *a fortiori* when, for some reason not affecting the original, the substituted contract is invalid.

4.  That the plaintiff had a right of action against the defendant for the antecedent indebtedness in consideration of which the separate note was given, it not appearing from the complaint that the plaintiff received the separate note in absolute *payment* thereof.

5.  That the judgment in the action upon the separate note was no bar to an action upon the antecedent indebtedness for which it was given. A judgment is conclusive only as to those questions which might legitimately have been decided under the issues actually joined in the action.

6.  That it was not necessary that the plaintiff should have tendered to the defendant the amount of usurious interest paid upon the separate note, though the defendant may perhaps set off that amount against the plaintiff's claim, and might, by bringing his action within one year, have recovered treble the amount under the statute.

ERROR to the Circuit Court for *Green* County.

*Eastman* sold to *Porter* and one Travis, in 1855, certain land, for which the purchasers gave their four joint promissory notes, secured by a mortgage upon the land. The complaint alleges that at the time of the purchase there was an agreement between *Porter* and Travis that each should take and own a distinct parcel of the land; that on the 19th of April, 1859, three of the notes having been paid and the last one, which was for $1,000, having fallen due, it was agreed between the plaintiff and defendant that "the de-

fendant was to pay the plaintiff his (the defendant's) part and proper proportion of said note according to said division of said land, and the defendant, in pursuance of such agreement, made payment to the plaintiff, and on such payment the plaintiff received from the defendant a sum of money and the defendant's note for $357 92, to become due in nine months, drawing interest at 12 per cent. per annum, bearing date April 19, 1859, on which day it was delivered, as the defendant's just proportion of the" said note for $1,000; whereupon, on the same day, the plaintiff released the defendant's proportion of said land from the lien of the mortgage; that said money and said note for $357 were indorsed on the note for $1,000, by agreement of the plaintiff and defendant, as the defendant's share of said note, and in November, 1859, Travis paid the plaintiff the balance due on said note after deducting the last mentioned payments by the defendant, and the plaintiff then entered the mortgage satisfied; that the plaintiff afterwards brought an action against the defendant upon the note for $357 92, and the note was adjudged to be usurious and *void*, on the ground that at the time of its execution the defendant had agreed to pay, and did in fact pay and deliver to the plaintiff, a barrel of flour, worth six dollars, as interest for the forbearance of said debt, in addition to the interest reserved by the terms of the note; and that the sum of $357 92 for which said note was given, remains due and unpaid.

The defendant demurred to the complaint on the ground of defect of parties, in that Travis was not made a defendant, and on the ground that the complaint did not state facts sufficient, &c.; and the court sustained the demurrer.

*J. A. Sleeper*, for plaintiff in error, contended that as the separate note was void, the original debt which *Porter* owed the plaintiff and which he agreed to pay him, never became merged in it, and cited *Johnson vs. Johnson*, 11 Mass., 359; 1 H. Bl., 462; 7 Mod., 119; 8 Cow., 77; 5 Wend., 595; 13 id., 505.

*J. H. Knowlton*, for defendant in error, argued that the agreement of Porter to sever the joint contract and give his separate note for the balance of his share and to pay usuri-

ous interest for forbearance, was an entirety, and that the judgment which determined that the note was void operated to make void the entire contract of which the note was a part; that consequently no original indebtedness was left except the *joint* liability of *Porter* and Travis upon the original note, and the demurrer for the non-joinder of Travis was well taken; that as the complaint avers in effect that the original note has been paid, the plaintiff is concluded in this action from saying that any portion of the original indebtedness remains; that the complaint does not show that the plaintiff has paid back the usury which he had received, and while he holds in his hands the fruits of the usurious contract, he cannot go behind it to sue for the consideration upon which it was given (13 Wend., 511–12; id., 54); and that as it appears by the pleadings that the plaintiff has prosecuted to judgment a suit against the same defendant, upon the note for the consideration of which he is now suing, he is barred by that judgment; and the defense is available on demurrer to the complaint. Van Santvoord's Pl., 687.

May 15.          *By the Court,* DIXON, C. J.   Viewed in the light of high and well settled authority, this case presents no question of doubt or difficulty, save that of the severance of the original joint indebtedness of the defendant and Travis.   In all other respects it can hardly be distinguished from the case of *Johnson vs. Johnson,* 11 Mass., 359, cited by counsel for the plaintiff in error, the doctrines of which are sustained by very many adjudications in addition to those so numerously named by the same counsel.   The principles upon which those doctrines rest are quite obvious.   It is a clear rule of the common law that a subsisting simple contract is not discharged or extinguished by the acceptance of another contract of the same nature, given by the same party and founded upon the same consideration, unless it be expressly so agreed.   The new contract is considered as nothing more than a new evidence of the same original contract or indebtedness, and if it is not performed the party may resort to his remedy on the latter.   This being the case when the original and substituted contracts are both valid, it is *a fortiori* so,

January Term,
1861.

EASTMAN
v.
PORTER.

when, for some cause not affecting the original, the substituted contract is held to be invalid. If a valid new contract or security does not extinguish or destroy the pre-existing debt for which it is given, it would be very strange if a void one were to have that effect. The statute of usury affects the contract or security only, and hence it is that the antecedent debt is left unimpaired.

As to whether the original joint indebtedness of the defendant and Travis was so severed as to enable the plaintiff, irrespective of the remedy given by law upon the note which was adjudged void for usury, to maintain an action against the defendant alone for the sum of money specified in it, and which constituted a part of the original joint indebtedness, we are of opinion that the facts stated in the complaint show that it was. The test by which to determine this question undoubtedly is, whether the complaint exhibits such a condition of things that, leaving the usurious note entirely out of the case and considering it as never having been made, the plaintiff could have maintained a separate action against the defendant for the antecedent indebtedness in consideration of which it was given. The existence and validity of the previous joint indebtedness are unquestioned. It is alleged to have accrued upon the joint purchase by the defendant and Travis of a quantity of land of the plaintiff, of which the defendant and Travis, by a mutual understanding and agreement, were each to take and own distinct parcels, and to pay and discharge the joint debt in proportion to the value of their respective shares. It is also alleged that after the last of the four joint promissory notes became due, the three first being paid, and all of them having been secured by a mortgage on the land purchased, the plaintiff and defendant entered into an arrangement and agreement between themselves, by which the defendant was to pay to the plaintiff his share or proportion of said last note according to the division of the land so to be made between the defendant and Travis; that in pursuance of the terms of that agreement the defendant paid to the plaintiff his share or proportion, partly in money and the residue in his note payable nine months after date, which was adjudged void for usury; and

that thereupon the plaintiff indorsed the amount of such payment upon the joint note, and released the defendant's share of the land from the lien of the mortgage   It is furthermore alleged that subsequently, and before the maturity of the usurious note, Travis, as his share of the joint indebtedness, paid the balance of the joint note, and that the mortgage was then fully satisfied and discharged.   Now although it is not directly averred that Travis was a party to the agreement between the plaintiff and defendant, still it is very evident from all the facts stated, that it was made with his knowledge and consent.   His subsequent payment of the balance due upon the joint note demonstrates this beyond doubt.   It was a most distinct and unequivocal act of ratification.   He must therefore be regarded as a substantial party to the arrangement; and being so, and having complied with his part of the undertaking, how can the default or neglect of the defendant to perform his be said to revive and cast upon him the burden of discharging the whole debt?   Certainly this was not the effect of the agreement, nor the intention of the parties.   Travis did not understand that he was bound for the performance of the defendant's separate undertaking, and it would be most harsh and unreasonable, after having performed his own, to make him so. Then, according to the theory of the counsel for the defendant, the question comes to this; either Travis is to be charged with the payment of the defendant's share, or the payment by Travis is to be regarded as a discharge of the entire debt.   We understand the latter to be his position.   It is certainly the most consistent, reasonable and just, and if I were to choose between the two, I would unhesitatingly adopt it.   In support of it the counsel mainly urges that the severance of the joint indebtedness and the giving of the note were one transaction, and so inseparably connected with each other that one could not fail without the other failing also. But the averments of the complaint, by which alone we are to be governed, do not warrant this assumption.   In the first place it is averred that the plaintiff and defendant entered into an agreement by which the defendant was to pay the plaintiff his part or proper proportion of the joint note ac-

cording to the division of the land; and then that in *pur-*
*suance* of this agreement the defendant paid the money and
gave the note. These averments by no means imply that
the agreement to sever and the giving of the note were one
transaction, although both might have taken place on the
same day, or, it may be, in the same hour. On the contra-
ry, when it is said that the defendant gave his note or paid
the money *pursuant* to an agreement with the plaintiff, the
form of the expression implies the prior existence of the
agreement. So that we have it implied as well as expressed,
that there was a previous agreement between the parties by
which the joint indebtedness was actually severed, and it
would be doing violence to the language to construe it oth-
erwise. Although the law might not have compelled the
plaintiff, without a compliance on the part of the defendant,
yet if he had voluntarily complied on his part by making
the proper indorsement on the note and releasing the lien of
the mortgage on the defendant's share of the land, and if af-
ter he had done so the defendant had refused to pay the
money or execute the note, can there be any doubt that the
plaintiff might have maintained his separate action against
him for such refusal? It seems to us, upon the facts stated,
that there cannot; and if we are right in this, then it is true
that the plaintiff had a separate cause of action against the
defendant anterior to the giving of the usurious note, and
that that cause of action, on account of which the note was
given, was, in its broadest sense, a pre-existing indebtedness
of the defendant alone. It did not therefore become the
several debt of the defendant by virtue of the usurious note,
but by virtue of the previous valid agreement, and the plain-
tiff having had a separate right of action at and before the
time the note was given, he may still resort to it, unless he
is debarred for some of the other reasons urged by the de-
fendant, which we will next proceed to examine.

Whilst the doctrine of the courts of Massachusetts, that
the taking of a promissory note for an antecedent debt is
*prima facie* a satisfaction, is not insisted upon as the law of
this state, it is still contended that it was competent for the
plaintiff to give it that effect by his pleadings, and that he

has done so. It was no doubt competent for the parties to agree that the note should be given and received in full and absolute discharge of the previous indebtedness; and if they did so, and the remedy upon the note is gone, it is very clear that all right of action on the part of the plaintiff went with it. There would then be no original indebtedness to which he could have recourse; his action would be confined to the note, and that failing, all would fail, unless the defendant saw fit voluntarily to make a new promise, for which the first indebtedness would be a sufficient consideration. As it will not be contended that a party can contradict or overcome, by evidence, a *prima facie* case made against himself by his own pleadings, the proposition is the same as if the counsel had said that the complaint shows that the note was taken in full and absolute payment. The language of the complaint is, "that the defendant, in pursuance of the terms of the agreement" (that is, the agreement by which the defendant was to pay to the plaintiff his share of the joint debt), "made payment to the plaintiff, and on such payment the plaintiff received of the defendant a sum of money and also the defendant's note." The general rule of the common law is, as has been already observed, that the acceptance of a security or undertaking of equal degree is, of itself, no extinguishment of the prior debt. The promissory note of the debtor, taken for an antecedent simple contract debt, does not extinguish the original debt, if the note remains in the hands of the creditor due and unpaid. He can recover on the original cause of action by producing and cancelling the note, or showing it to have been lost. It is, however, competent for the creditor, by express agreement to that effect, to receive the new undertaking or security as an absolute discharge and to take upon himself all risk of its validity and payment, and the question is, whether the complaint shows such an express agreement. The expressions relied upon, and which are the only words used that can be claimed to have any tendency to show such an agreement, are that the defendant "made payment, and on such payment the plaintiff received." It seems to us that it would be a most violent inference from this language, to say that by it the parties

January Term, 1861.

EASTMAN
v.
PORTER.

understood a full and absolute extinguishment of the pre-existing debt. Such agreement should be clearly and satisfactorily established, and not left to inference from language which, looking to the character of such transactions and the ordinary course of business among men, may well be understood and construed so as to support an opposite intention. Certainly, when we say that a note or other instrument was given or received in payment of a precedent claim, we mean nothing more than that it was given for or on account of that claim. We intend to state upon what consideration the note was given; and if a receipt is executed in the same words, it is designed not as an acknowledgement that the original debt is absolutely paid, nor an agreement to take the note as such payment, but only as evidence that the note, when paid, shall be a discharge of the original debt, by showing for what it was given and thus preventing a recovery on both causes of action. And such are the decisions of the courts, it being their duty and object to give effect to the intention of the parties by a fair construction of their language, rather than to defeat that intention by one which is too rigid and technical. Thus in *Glenn vs. Smith*, 2 Gill & John., 493, a receipt at the foot of an account, in which the creditor acknowledged receipt from the debtor of two promissory notes, signed by the latter and indorsed by third parties, "in payment of the above account," was held not to be of itself evidence of the extinguishment of the account. The defendants, being indebted to the plaintiff for goods sold, delivered to him the note of a third person for the amount, and received from him a bill of the goods with a receipt in full at the bottom; it was held to be consistent with the receipt that the note was not received in full unless it turned out to be good. *Johnson vs. Weed*, 9 Johns., 310. A landlord gave to his tenant a receipt by which he admitted receiving "$163 on account of the within lease, and in full for the second and third quarters' rent." It appeared in evidence that a part of the sum receipted was made up of the note of a third person, and it was decided that the receipt was not sufficient to establish a positive agreement that the landlord took the note as payment. *Tobey vs. Barber*, 5 Johns., 68. A receipt "in

January Term, full of all demands" was held not to preclude the plaintiff
1861.          from showing that he received the defendant's note only, and
EASTMAN          that it had not been paid, for the purpose of enabling him to
v.          recover on the original demand. *Putnam vs. Lewis*, 8 Johns.,
PORTER.
389.    See also 5 Term Rep., 513, and 6 id., 52.    If therefore
the words of the complaint had occurred in a receipt or other
instrument passing between the parties, we could not have
said that they furnished evidence of an intention to extin-
guish the original debt, and we cannot now do so.    They
are to receive the same construction as if a receipt had been
given, and that receipt copied into the complaint.

The position that the plaintiff cannot recover without first
paying or tendering to the defendant the usurious interest
received upon the note and on account of which it was ad-
judged void, is not sound, for the reason that he does not
proceed upon the usurious contract at all, but upon the orig-
inal indebtedness, and as if no such contract had ever been
made.    That indebtedness being unaffected by the subse-
quent void agreement, the latter, whether the usury were
paid or promised merely, can constitute no defense, except
perhaps that the defendant may, if he chooses, set off the
usury actually paid against the claim of the plaintiff; or he
might, within one year, have recovered treble the amount in
an action under the statute.    *Wood vs. Lake*, 13 Wis., 84.
The authorities cited by counsel apply to cases where the
loaning of the money and the giving of the usurious note or
security are one transaction, the money being advanced in
consideration of the agreement to pay usury, and as a part
of it.    In such cases, although the money actually loaned is
a valuable consideration, yet there can be no recovery upon
it until the usurious taint is removed, which can only be
done by the mutual agreement of the parties.    If this be
done, and the usurious interest received be either refunded
or otherwise legally adjusted, the money loaned is a good
consideration for a subsequent lawful promise to repay it,
and it was with reference to such transactions that the courts
were speaking.

Lastly, it is urged that the judgment upon the note is a
bar to an action upon the original indebtedness because the

plaintiff in his complaint upon the former might have joined a count upon the latter, and thus both might have been disposed of in one action. Several authorities are cited in which it is said that the decree or judgment of a court having jurisdiction is not only final as to the matters determined, but as to all matters which the parties might have litigated, and which they might have had decided. The correctness and utility of the principle, when properly applied, is unquestionable, but it has no application to a case like the present. It is limited in its application to those matters which the parties, under their pleadings, or the issue joined in the former action, might legitimately have controverted and have had decided by the verdict and judgment, and has never been so extended as to compel one party, having several different causes of action against another, to join them in one action because they were of such a character that the law would permit their union. The latter is the application which counsel seeks to make, and in it he is clearly wrong. The plaintiff in the first action was at liberty to sue upon the note, or the original indebtedness, or both, as he saw fit. He sued upon the note alone, and the matter in controversy was as to the usury. Upon that the judgment is conclusive, but the estoppel extends no farther.

· Judgment reversed, and a new trial awarded.