June Term, 1861.

WEBSTER et al.
v.
STADDEN.

WEBSTER and others vs. STADDEN.

Where a vendor of goods who had received a note in full payment for them, brought an action for the value of the goods, and his attorney, after admitting upon the trial that a note had been received in *payment* (which defeated the action), produced and cancelled the note, without any special authority from his client to do so, the cancellation does not preclude the client from maintaining an action upon the note.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated in the opinion of the court. Judgment for defendant.

*Mat. H. Carpenter,* for appellants:

A retainer in a suit is strictly limited to a prosecution or defense of that suit. *Herbert vs. Alexander,* 2 Call, 418; *Vail vs. Conant,* 15 Vt., 314. The agency of an attorney is limited and special; it does not extend even to the compromise of a claim (*Abbe vs. Rood,* 6 McLean, 106; *Nolan vs. Jackson,* 16 Ill., 272; *Wilson vs. Wadleigh,* 36 Me., 496); much less to an entire discharge of it without consideration or payment.

*Todd & Rockwell,* and *S. J. Todd,* for respondents. [No argument on file].

*By the Court,* PAINE, J. This action was brought to recover upon a note. The only question as to the right of recovery grows out of the facts found by the judge, that the note was given in settlement for a bill of goods sold by the plaintiffs to the defendant, and that an action had already been brought for the goods sold, upon the trial of which the plaintiffs' attorney, after admitting that this note had been received in full payment for the goods—which defeated that

November 2

action—still produced and cancelled it. The judge finds that the attorney had no special authority to cancel the note; but that, as a matter of law, after the plaintiffs had elected to sue upon the original consideration, and to secure a recovery had voluntarily cancelled the note, being defeated in that action, they could not afterwards resort to the note. But we think this would be visiting upon them too severe a penalty for their mistake in bringing an action without a cause, and for the mistake of their attorney in cancelling this note without any reason or authority. If the plaintiffs had really had an election, in the first action, to sue for the goods or on the note, perhaps the conclusion of the judge would be correct. But upon the facts found, they had none. The note was received as "full payment," and therefore they had no cause of action except on the note. Its cancellation, therefore, was an absurdity, and there is no reason why the makers should be allowed to seize upon the mistake to avoid the payment of their debt entirely. It is as though the attorney had by mistake destroyed the note. It did not extinguish the indebtedness on it.

There are cases where parties having substituted new agreements or securities for old, and the new ones turning out void for usury, it was held that they might still recover on the old. *Eastman vs. Porter, ante,* p. 39; *Johnson vs. Johnson,* 11 Mass., 362. Had this note been cancelled upon the execution of a new one void for usury, the party might still have recovered upon this, within the principle of those cases. Its cancellation under the circumstances in which it was done here, does not furnish so good a reason for precluding a recovery.

In saying that this note was taken in "full payment" for the goods, we rely upon the finding of the court below to that effect, which we construe to mean absolute payment so as to extinguish the original indebtedness. We have no doubt that where the parties so agree, the taking of a note may have that effect. And though their language is sometimes construed very liberally to prevent it, as in some of the cases mentioned in *Eastman vs. Porter,* yet where it is admitted by an attorney on the trial of a case, that a note

was taken in "full payment," or where the court so finds, we understand it to mean in extinguishment of the indebtedness upon the original consideration.

We think the judge erred in holding that the facts found by him prevented a recovery; and the judgment is reversed, with costs, and the cause remanded for a new trial.