January Term, 1862.

FORD
v.
MITCHELL.

---

## FORD vs. MITCHELL.

A agreed with B to buy of him a demand against C, and to pay therefor $176, but afterwards, instead of the money, requested B to take a certificate of deposit in a certain bank, payable in 60 days in *currency*, which B refused to take unless A would agree to pay it if the bank failed to do so; and thereupon A agreed to pay it if the bank did not, and wrote his name across the back of the certificate (which was payable to his order), and delivered it to B, who transferred to A the demand against C. The bank failed to pay the certificate upon presentment at maturity, and closed its doors soon after. There was no proof of the notice requisite to charge an indorser. *Held,* that B could maintain an action against A for the $176 upon surrender of the certificate at the trial.

A certificate of deposit payable to order, in *currency*, is not negotiable.

Protest and notice of non-payment are therefore not necessary to charge a person who writes his name across the back of such an instrument.

DIXON, C. J., held that the plaintiff might have proceeded against the defendant as a guarantor, and have written a guaranty in due form over the defendant's name before offering the certificate in evidence. COLE, J., and PAINE, J., declined to express any opinion on that point.

APPEAL from the Circuit Court for *Rock* County.

The facts in this case are stated in the opinon of the court. The clause in the amended complaint which the circuit judge

January Term,
1862.

FORD
v.
MITCHELL.

regarded as fatal to a recovery upon the guaranty, was as follows: "And the plaintiff further says that he did not take or agree to take or receive said certificate of deposit, guaranteed or indorsed or not guaranteed or indorsed, as a payment for the said debt or demand so as aforesaid sold, transferred and assigned to said defendant by him, this plaintiff, nor did he agree to take or receive the said certificate of deposit, guaranteed or indorsed or not guaranteed or indorsed, as a payment of the said sum of one hundred and seventy six dollars, agreed to be paid to this plaintiff, and due and owing to this plaintiff by the said defendant for the said debt or demand against the said Badger State Bank." The certificate of deposit in the Janesville City Bank was produced upon the trial, and offered in evidence. The case was tried by the circuit judge without a jury. Judgment for the defendant.

*Knowlton, Prichard & Jackson*, for appellants, to the point that the certificate, being payable in currency, was not negotiable, cited 3 Humph., 171; 6 id., 303; 11 Vt., 168; 3 McLean, 106; 14 Pet., 298; 28 Penn. St., 452. To the point that the payee of non-negotiable paper does not become liable as indorser under the law merchant, by writing his name on the back of it, but does become liable as guarantor, they cited 10 Barb. (S. C.), 402; 3 Hill, 233; 8 Wend., 403—421; 3 Mass., 273; Cowen's Tr. § 367; Story on Pr. Notes, § 473; 1 Parsons on Con., 206; 2 Hill, 80; 1 Iowa, 331. The contract of guaranty was not void by the statute of frauds. It was an original undertaking to pay his own debt, and not a collateral undertaking to pay the debt of another. Browne on Stat. of Frauds, secs. 164–5; 2 Coms., 225; 4 Hill, 178. They argued also that the defendant was liable for the original consideration, upon the plaintiff's offering, as he did, to surrender the certificate. Chitty on Bills, 178; Edwards on Notes, 192; 1 Cow., 306.

*W. L. Mitchell*, in person:

The indorsement and delivery of a non-negotiable instrument is but a transfer of the beneficial interest in it, without recourse in regard to anything but the genuineness of the instrument. 1 Am. Lead. Cas., 325. Whether the certificate

January Term,
1862.

Ford
v.
Mitchell.

was negotiable or not, the defendant was entitled to all the rights of an indorser, and is discharged for want of notice. If the writing of his name on the back of it was a guaranty, it is void for not expressing any consideration. 3 Wis., 674. The defendant having written his name on it as indorser, the contract cannot be changed into one of another kind by parol testimony. *Heath vs. Van Cott,* 9 Wis., 516.

May 15.

*By the Court,* Dixon, C. J.   The complaint in this action was several times amended.   The original does not appear. The first amended complaint was against the defendant as guarantor upon an instrument as follows : " No. 9092. $176. Janesville City Bank, Wisconsin.   Certificate of Deposit. Janesville, April 15, 1858.   Mr. Wm. L. Mitchell has deposited in this bank one hundred and seventy six dollars, payable to the order of himself, 60 days after date, in currency, upon return of this certificate properly indorsed.   Interest— per cent. if left 60 days. Jas. Fraser, A. Cash." The plaintiff was the holder of a debt against the Badger State Bank for $234, which the defendant applied to purchase.   A sale was agreed upon at $176, to be paid in money by the defendant.   Unable to raise the money, he requested the plaintiff to accept the certificate in lieu thereof, to which the plaintiff assented, provided the defendant would guaranty its payment.   The defendant agreed to this, and writing his name across the back of the certificate, delivered it to the plaintiff. The bank refused payment, and the plaintiff caused the certificate to be protested and notice given defendant. Judgment was demanded for the amount of the certificate and interest from the time it became due.   The defendant answered, insisting that he was not a guarantor but an indorser, as alleged in a former complaint, and denied service of notice of protest.

The cause came on for trial before the judge without a jury, when the judge, conceiving that the pleadings did not conform to the facts proved, ordered them to be amended.

· The complaint, as amended under this order, is for the $176 agreed to be paid for the debt against the Badger State Bank.   It sets out the transaction substantially as before,

January Term,
1862.

FORD
v.
MITCHELL.

and avers the organization of the banks under the statute; that the Janesville City Bank was, at the time of issuing the certificate, and has since remained, hopelessly insolvent, and that the plaintiff did not take nor agree to take the certificate, "guaranteed or indorsed or not guaranteed or indorsed," *in payment* for the debt sold, nor of the $176, the price agreed. The latter allegation is very verbose and awkward, but this is the substance of it. Judgment is demanded for $176 and interest from maturity of the draft. The answer, protesting that there is an entire departure from the cause of action first stated, denies nearly all the material allegations, and especially that notice of non-payment was properly given.

The case made by the complaint is fully sustained by the proof, except the giving of notice of protest. The judge below so found, but supposing the plaintiff was still proceeding upon the guaranty, he held that he was precluded by his own allegations from recovering. He refers to those already noticed—that the certificate was not received as payment for the debt or price—and understanding from them that the plaintiff did not agree to accept the defendant's guaranty, he says that it is an end of the action. The last mistake is not very surprising. The intention of the pleader is masked by such an impenetrable thicket of words, that it is hazardous for any one to attempt to get at it. The certificate was produced at the trial.

The case as stated in either complaint is very plain on authority, and it was immaterial which was pursued. The certificate was payable *in currency*, and therefore not negotiable. See authorities cited by plaintiff's counsel under this point. Protest and notice of non-payment were therefore unnecessary to charge the defendant. The party writing his name across the back of a negotiable instrument can only be holden as an indorser, and unless the proper steps are taken to charge him as such, he will not be liable. *Cady vs. Shepard*, 12 Wis., 639. But with non-negotiable paper the case is quite different. The liability there is absolute and unconditional. The party is entitled to none of the privileges of a common indorser. It is a guaranty, an agreement

to pay at all events, which nothing will discharge except some act which would discharge a surety. *Josselyn vs. Ames*, 3 Mass., 274; *Moies vs. Bird*, 11 id., 436; *Oxford Bank vs. Haynes*, 8 Pick., 423; *Seabury vs. Hungerford*, 2 Hill, 80; *Hull vs. Newcomb*, 3 Hill, 233; *Seymour vs. Van Slyck*, 8 Wend., 403; *Griswold vs. Slocum*, 10 Barb., 402; Story on Prom. Notes, § 473 and note. The payee may write out the guaranty over the signature. And in this case it would have been sufficient if the plaintiff had written the guaranty in due form before offering the certificate in evidence.

It being established that the certificate was not received as payment for the debt transferred, it follows that the plaintiff can maintain his action for the price upon surrender of the certificate. The principle is elementary, that the taking of the promissory note or bill of the debtor himself, either for a precedent liability or a debt incurred at the time, is no payment, unless it be expressly so agreed; but that, after the expiration of the credit, an action may be maintained upon the original consideration, upon producing the note or bill to be cancelled. The acceptance suspends the remedy during its currency, and the burden of showing that it was received in payment lies on the debtor. *Drake vs. DeCamp*, 1 Johns., 34; *Hughes vs. Wheeler*, 8 Cow., 77; *Jaffrey vs. Cornish*, 10 N. H., 505; *Puckford vs. Maxwell*, 6 Term, 52; *Clark vs. Noel*, 3 Camp., 411; Chitty on Con., 660.

So too of the acceptance by the creditor of the note of a third person for a precedent debt. *Prima facie* it is no discharge, and it is for the debtor to show that it was so intended, unless the creditor makes the note his own by *laches*, or by parting with it. *Tobey vs. Barber*, 5 Johns., 68; *Whitbeck vs Van Ness*, 11 Johns., 409; *Booth vs. Smith*, 3 Wend., 66; *Bank vs. Fletcher*, 5 Wend., 85; *Smith vs. Rogers*, 17 Johns., 340; *Waydell vs. Luer*, 3 Denio, 410; *Hays vs. Stone*, 7 Hill, 128; *Frisbie vs. Larned*, 21 Wend., 450; *Vail vs. Foster*, 4 Coms., 312.

But where the note of a third person is received upon the sale of goods, or for an indebtedness contracted at the time, the rule is reversed. The note will then be deemed to have been taken by the vendor of the goods in satisfaction, unless

the contrary be expressly proved; or unless the note be void, and there be fraud and misrepresentation on the part of the vendee respecting it. *Wilson vs. Force*, 6 Johns., 110; *Johnson vs. Weed*, 9 Johns., 310; *Whitbeck vs. Van Ness, supra*; *Breed vs. Cook*, 15 Johns., 241; *Read vs. Hutchinson*, 3 Camp., 351. In such cases it is regarded as an exchange of commodities—that it was part of the original contract that the note should be taken in payment for the goods. If the purchaser indorse the note, there being no agreement that he shall otherwise be answerable for the goods, he will be liable in the character of an indorser only, and cannot be sued for goods sold and delivered. *Booth vs. Smith*, and *Frisbie vs. Larned, supra*; *Whitney vs. Goin*, 20 N. H., 354; *Soffe vs. Gallagher*, 3. E. D. Smith, 507. The subject is particularly well considered in the last case. The indorsement is, of course, conclusive evidence that the vendor did not intend to take the note at his own risk, or to part with the goods without holding the purchaser liable for the price; but having accepted it, he assumes the obligation incident to such a contract; he must see that the indorser has notice of the dishonor, or the indorser will be released.

But when the purchaser undertakes to answer for the note in some other form, as if he guaranty or agree to guaranty its payment or collection, it seems that the seller may recover in an action for goods sold. *Monroe vs. Hoff*, 5 Denio, 360. In that case it was held that he might do so, though the guaranty was void by the statute of frauds for not expressing the consideration. The attempt to guaranty was considered very strong if not conclusive evidence that the note was not received in payment.

All these were cases where the note was negotiable. Whether a different rule would apply to the transfer of a non-negotiable note, on the purchase of goods, as to burden of proof, we need not inquire. In *Phinley vs. Westley*, 2 Bing., N. C., 249 (29 E. C. L., 322), the plaintiff having received from the defendant, in payment for goods, a promissory note indorsed by the defendant, but not made payable to order, it was held that he was entitled to recover the price of the goods, notwithstanding he had omitted to give full notice.

In the case at bar, I think, aside from the other proof, that the signature of the defendant upon the back of the certificate furnishes indisputable evidence that it was not received in payment, and hence that a suit for the price may be maintained. The certificate not being negotiable, the plaintiff could be guilty of no *laches* in not presenting it or notifying the defendant of its dishonor. The case is very like that of *Monroe vs. Hoff*, above cited. As observed by the court in *Soffe vs. Gallagher*, it seems clear that the taking of an absolute and unqualified guaranty that the note or other evidence of debt shall be paid, will not operate as payment but only as a security extending the term of credit. Such absolute liability is inconsistent with the idea of payment; for the guarantor, if liable, is so in respect of the original consideration, whether sued upon his guaranty or for the goods. Where there is a sale of goods and in consideration thereof an absolute undertaking for the payment of the price, the consideration may be resorted to as well as the express agreement. And in such cases it is immaterial whether the express contract be the note of the buyer or his absolute guaranty that the price shall be paid upon the note of a third person.

The plaintiff was, therefore, entitled to judgment upon the complaint as last amended. It was no departure, the cause of action being the very same, whether it was pursued in one form or the other.

The judgment must be reversed, and the cause remanded with directions that judgment be entered for the plaintiff according to the demand of the complaint.

PAINE, J.   I concur in the opinion of the chief justice, that, upon the authorities, the action could be maintained for the original consideration; but do not wish to commit myself to the position that under our statute of frauds, and the decisions of this court, the action could, under any circumstances, be sustained on the guaranty.

COLE, J.   I think the plaintiff can recover on the original consideration, but express no opinion upon the other questions discussed by the chief justice.

Judgment reversed, and cause remanded.