Aultman & Co. vs. Jett and others.

*By the Court.* — Judgment affirmed.

---

AULTMAN & Co. vs. JETT and others.

PROMISSORY NOTES: *(1) When not payment. (2) In suit on, how far counterclaim for breach of warranty available. (3) Relief as to excess of such claim.*

1. It is the settled law of this state, that, in the absence of an express agreement on the subject, the taking of a promissory note, for either a precedent liability or one incurred at the time, does not operate as a payment. [RYAN, C. J., criticises this doctrine, but acquiesces in the judgment on the principle of *stare decisis*.]

Aultman & Co. vs. Jett and others.

2. In a suit upon one of several promissory notes given for the contract price of machinery, where defendants claimed damages for imperfections of the machinery, the notes not appearing to have been received as payment, and a part of them not being due or paid: *Held*, that if defendants' damages were greater than the amount of the note in suit, they could not have a judgment in this action for the excess.

3. Whether the circuit court can protect the defendants from liability on the other notes, by requiring them to be surrendered at the trial, or staying the action until they are produced, is not here determined.

APPEAL from the Circuit Court for *Grant* County.

Action brought January 15, 1876, upon a joint promissory note executed by the defendants to the plaintiff company (a corporation under the laws of Ohio), dated at Platteville, Wisconsin, September 1, 1874, for $156.68, payable January 1, 1875, with interest at seven per cent. per annum; the same being one of four notes, amounting in the aggregate to the sum of $620, given for the price of a threshing machine sold by the plaintiff to defendants, and being the first of said notes to fall due, except one for $50, which had been paid. The complainant admits payment of $60 upon the note in suit.

The defendants answered, alleging a breach of warranty as to said machine, to their damage $570, with certain interest; and they demanded judgment for the amount of their said damages, less the amount due on the note in suit, and for costs.

There was a reply in denial.

The court instructed the jury, in substance, that if they found a breach of warranty, by reason of which the machine was not worth $620, they should find what it was actually worth, and deduct the difference between that sum and the $620 from the amount due on the note; and that, if such difference was found to exceed the amount due on the note, their verdict must be in defendants' favor for such excess.

The jury found for the defendants, and assessed their damages at $182.69. A new trial was denied, and judgment entered upon the verdict; from which the plaintiff appealed.

The cause was submitted on a brief for the appellant by *W. E. & G. B. Carter*, and briefs for the respondents by *A. W. Bell*.

For the appellant it was argued, that a judgment compelling the plaintiff to pay back moneys which it had never received, was certainly erroneous. The settled rule in this state is, that, in case of such a breach of warranty, the vendee has his election to rescind the contract and return the property, or to keep the property and recover damages. *Giffert v. West*, 33 Wis., 617; *Bonnell v. Jacobs*, 36 id., 59, and cases there cited; *Merrill v. Nightingale*, 39 id., 247. If he rescinds and returns the property, he has ordinarily no further claim against the vendor except to recover so much of the purchase money as he has paid. If no part of the purchase money has been paid, what cause of action, sounding in damages, can arise out of a breach of warranty? If only part of the purchase money has been paid, how can the vendor be liable, on a mere breach of warranty, not only to pay back all the purchase money he has received, but also money that he has never received, the vendee retaining the article sold? The general rule is, that the vendee, keeping the article, must pay its actual value, but is excused from paying any greater sum, on the contract price. Unless giving notes for the purchase money is equivalent to payment, that rule has not been applied to this case. But it is settled law in this state, that giving notes for a debt, either previously or contemporaneously contracted, is not payment, unless expressly so agreed by the parties. *Blunt v. Walker*, 11 Wis., 350; *Paine v. Voorhees*, 26 id., 522, and cases there cited.

For the defendants it was argued, that, as the plaintiff did not produce defendants' remaining notes in court, nor show that they were not in the hands of innocent holders, so that defendants would be obliged to pay them at maturity, with no remedy except by an independent suit for damages brought against the plaintiff in Ohio, they were entitled in this action

to the protection accorded them by the judgment appealed from.

COLE, J. We think the circuit court erred in charging the jury that the defendant could recover from the plaintiff the difference between the contract price of the machine and what it was actually worth, and that, if this difference exceeded the amount of the note sued on, they were entitled to a judgment for the excess. This was treating the transaction as though the defendants had paid the full contract price of the machine, whereas it appears that they had in fact only paid $50 for freight, and $60 upon the note in suit. This is all they had paid of the consideration money. It is true, they had given their promissory notes to the plaintiff for the remainder of the purchase money, and these notes were outstanding. But this did not place the defendants in the position they would have occupied, nor give them the rights they would have had, had they actually paid for the machine. In this state the law is well settled, that the taking by the creditor of the promissory note of the debtor, either for a precedent liability or for a debt incurred at the time, does not operate as a payment unless it is expressly so agreed by the parties. *Paine et al. v. Voorhees*, 26 Wis., 522, and cases cited in the opinion. Such being the rule, it is obvious that payment in the present case would not be implied or presumed from the mere giving of the notes. In support of the view of the court below, it is said that the notes may have been negotiated before due, and, if so, the defendants will be bound to pay them to the holder. There is, however, no evidence that the notes have been transferred, and, in the absence of all proof upon the point, the presumption is that they are still held by the plaintiff. This is the presumption of law until the contrary is shown. If the notes still belong to the plaintiff, they cannot be treated as payment of the contract price, unless it was so agreed at the time.

But it is argued by counsel for the defendants, that it would be unjust to deny to them a recovery in this action for all the damages which they sustained by a breach of the warranty of the machine over and above the note sued upon, and compel them to substantiate their claims as often as the plaintiff might bring suit upon the outstanding notes. It may possibly be in the power of the circuit court to protect the defendants against any liability on those notes, by requiring the plaintiff to surrender them on the trial, or by staying the action until they are produced. But as that question is not before us, we refrain from expressing an opinion upon it. It is sufficient to say that, as the defendants have not paid the contract price of the machine, they are not entitled to the same measure of relief as though they had. This view is fatal to the judgment.

The judgment of the circuit court must be reversed, and a new trial awarded.

RYAN, C. J. I entirely concur in the judgment of this case, and in all that is said in the opinion of the court upon it. I take occasion, however, to say that if the question of payment were a new one in this court, I could not concur in the rule. In my private opinion, when one contracts a debt and presently gives his note or other obligation for the amount, the note or obligation given ought to be considered a payment, unless there be express agreement to the contrary. But I have far too great a reverence for that necessary rule of judicial decision, *stare decisis*, to set up my own opinion, on such a point, against so many decisions the other way, running through so many years.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.