## HŒFLINGER vs. WELLS.

*Partnership: Promissory note of one partner: Payment.*

1. The taking, not as payment, of the individual note of one partner for money loaned, though it may be evidence that the loan was not made to the firm, is not conclusive of that fact.
2. Where such individual note of one partner is taken for a loan made *at the time* to the firm, the *presumption* is that it was *not* taken as payment. A remark in *Ford v. Mitchell*, 15 Wis., 304, doubted, but distinguished.
3. The complaint avers, in substance, that, on etc., S., as partner in the then existing firm of W. & S., borrowed from plaintiff, for and on account of and for the use of said firm, a certain sum, which loan was evidenced by a note for the amount, signed by S., dated on the same day; and that the money so loaned was expended for the use of the firm. *Held*, that, under these averments, plaintiff may show that the money was loaned by him to and upon the credit of the firm; there is no admission that the note was taken in payment; and the complaint is good on demurrer.

APPEAL from the Circuit Court for *Milwaukee* County. Plaintiff appealed from an order sustaining a demurrer to

the complaint as not stating facts sufficient to constitute a cause of action. The complaint is sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *James Hickcox.*

For the respondent, there was a brief signed by *Wells & Bingham,* his attorneys, and *Jenkins, Elliott & Winkler,* of counsel, and oral argument by *D. S. Wegg.*

TAYLOR, J. The complaint alleges that at the time the indebtedness accrued, for the recovery of which this action was brought, one Michael Stafford and the defendant, *Wells,* were copartners, and did business as such at the city of Wausau, in this state, and that previous to the bringing of this action the said Stafford died, leaving the defendant his sole surviving partner.

The following are the material allegations as to the indebtedness:

" That on or about the tenth day of April, 1873, at said city of Wausau, Wisconsin, the said Michael Stafford, as such copartner, borrowed from the plaintiff, for and on account of and for the use of said firm, the sum of $1,500, with interest at the rate of 10 per cent. per annum till paid; that the money so loaned by the plaintiff to said Stafford for and on account of said firm was evidenced in writing, signed by the said Stafford, and was a note for $1,500, and was dated April 10, 1873, and drew interest at the rate of 10 per cent. per annum until paid."

There are other allegations showing that the money borrowed was expended for the use of the firm.

It is insisted by the learned counsel for the respondent, that the foregoing allegations of the complaint show that the money was borrowed by and loaned to said Stafford by the plaintiff upon the sole credit of said Stafford, and not upon the credit of the firm, and therefore no cause of action is stated against

defendant. We do not think this a just construction of the complaint. The language above quoted, construed liberally in favor of the plaintiff, is that Stafford, as copartner of *Wells*, borrowed the money for the firm, and that the money was loaned to the firm, and not to Stafford. Had it not been for the subsequent allegation that a note was given to the plaintiff for the amount of the money so loaned, signed by said Stafford, payable at a certain date, with interest as therein stated, there would have been no doubt as to the meaning of the first allegation. But it is insisted that this latter allegation shows that the plaintiff took the individual note of Stafford for the amount of the money loaned, and therefore shows conclusively that the loan was not made to the firm or upon its credit, but to Stafford and upon his sole credit.

It might be urged against this construction given to the latter allegation, that it does not clearly show that the note given was the individual note of Stafford; that the allegation that the note was signed by Stafford is not inconsistent with the fact that he signed it with the firm name.

But, admitting that the fair construction of the complaint is that the plaintiff took the individual note of Stafford for the amount of the money loaned, yet, in our view of the construction which must be given to the allegation as to the borrowing of the money, the giving of the individual note of one of the partners for the money borrowed by the firm would be no bar to a recovery against the firm after the note became due and remained unpaid.

If upon the trial the plaintiff can show that the money was borrowed for the firm, that he was at the time advised that it was for the firm, and that he loaned it to the firm and upon its credit — and, as we construe the allegations of the complaint, they are sufficient to admit such evidence, — then the mere taking of the individual note of the one partner for the money so loaned will not defeat the action. The taking of such note may be evidence tending to show that the

money was not loaned to the firm, and that the sole credit was given to Stafford; but it is not conclusive of that fact; and if the jury or the court should find as a fact that the money was borrowed by and loaned to the firm, and upon its credit, then the taking of the individual note of one member of the firm would not be a payment of such firm debt, unless it was affirmatively shown that such note was taken in payment of the same. *Sheehy v. Mandeville*, 6 Cranch, U. S., 256–264; *Folk & Smith v. Wilson*, 21 Md., 548–551; *Glenn v. Smith*, 2 Gill & J., 508; *Md. & N. Y. Coal & Iron Co. v. Wingert*, 8 Gill, 176; *Whitney v. Goin*, 20 N. H., 354–358; *Wright v. Crockery Ware Co.*, 1 N. H., 281; *Johnson v. Weed*, 9 Johns., 310; *Schemerhorn v. Loines*, 7 Johns., 311; *Monroe v. Hoff*, 5 Denio, 360–362; *Porter v. Talcott*, 1 Cow., 383; *Vail v. Foster*, 4 N. Y., 312–314; *Muldon v. Whitlock*, 1 Cow., 290–306; *Breed v. Cook*, 15 Johns., 241; *Wilson v. Force*, 6 Johns., 110; *Read v. Hutchinson*, 3 Camp., 351–2; *Owenson v. Morse*, 7 T. R., 64; *Soffe v. Gallagher*, 3 E. D. Smith, 507; *Blunt v. Walker*, 11 Wis., 334; *Ames v. Ames*, 5 Wis., 160; *Williams v. Starr*, id., 534; *Davenport v. Schram*, 9 Wis., 119; *Eastman v. Porter*, 14 Wis., 39; *Ford v. Mitchell*, 15 Wis., 304; *Webster v. Stadden*, 14 Wis., 277; *Lindsey v. McClelland*, 18 Wis., 481; *Williams v. Ketchum*, 21 Wis., 432; *Paine v. Voorhees*, 26 Wis., 522; *Aultman & Co. v. Jett*, 42 Wis., 488; *Aultman & Taylor Co. v. Hetherington*, id., 622.

The distinction suggested by the late learned Chief Justice DIXON, in his opinion in the case of *Ford v. Mitchell*, *supra*, as to the burden of proof where the note of a third person is received upon the sale of goods, or for an indebtedness contracted at the time, I am inclined to think is not supported by the weight of authority; but if in such case the burden of proof would be upon the plaintiff to show that such note was not taken in satisfaction of the debt, it would not avail the defendant on this demurrer, as the allegation of the complaint, if construed as contended for by the defendant, negatives the

idea that the note of the one partner was taken in payment of the loan to the firm. It is probable that the taking of the separate note of one of two joint debtors, for the joint debt, would not come within the rule suggested by the learned chief justice in the case above cited. See *Sheehy v. Mandeville* and *Muldon v. Whitlock, supra.* The real question in the case is, whether the loan was made to the firm instead of to Stafford. If it was made to the firm, then the taking of the several notes of Stafford was not a satisfaction of the debt of the firm, unless it was so agreed to be at the time of making the loan. We think the allegations of the complaint show that the loan was made to the firm, and the other allegations do not show that the note of Stafford was taken in satisfaction and payment thereof.

We think the complaint states a cause of action, and that the demurrer should have been overruled.

*By the Court.* — The order of the circuit court is reversed.