WILLOW RIVER LUMBER COMPANY, Respondent, vs. LUGER FURNITURE COMPANY, Appellant.

*March 18 — April 4, 1899.*

*Debtor and creditor: Note of third person as payment: Burden of proof: Protest: Parol evidence.*

1. Acceptance by a creditor of the note of a third person does not constitute payment of the debt unless expressly so agreed; and the burden of proving such an agreement is upon the debtor.

2. The holder of a note is not required to protest it for nonpayment in order to charge an indorser, timely presentation and demand of payment, and notice to the indorser, being sufficient.

3. Evidence that the general manager of a corporation, after the receipt from its debtor of a note made by a third person and indorsed by the debtor, saw the secretary of the latter and informed him that the note had been received and that he would keep it and if collected would credit the amount and if not would return it, to which proposition the secretary assented, is not objectionable, upon the issue as to whether or not the note was accepted in payment of the debt, on the ground that it contradicts the legal import of the debtor's indorsement.

Appeal from a judgment of the circuit court for St. Croix county: E. W. Helms, Circuit Judge. *Affirmed.*

Plaintiff sold defendant a car load of lumber, amounting to $238.36, on sixty days' time. Soon after the account became due, defendant sent plaintiff a note of one G. A. Dols for $209.86, and a draft to balance the account. The note was held by plaintiff until it became due, but the maker failed to pay it. Thereupon plaintiff returned the note and brought suit for the balance due. Defendant answered, setting up the delivery and acceptance of the note in full payment of the account. The case was tried by the court without a jury. The court found the facts as stated, and that the note was not taken by plaintiff, or accepted by it, as payment of the balance due upon the account, and that plaintiff was not guilty of laches in presenting the note for payment, or in notifying defendant of the maker's default. Judgment was ordered for plaintiff for the balance due, with interest, which judgment the defendant seeks to review on this appeal.

*S. N. Hawkins*, for the appellant.

*W. F. McNally*, for the respondent.

Bardeen, J. Upon the question of fact as to whether the findings are supported by the evidence, we have no hesitancy

in saying that they are so supported. Indeed, it is difficult to see how the trial court could have come to any other conclusion than he did. The burden of proving that the note was received as *payment* of the account was upon the defendant. *Ford v. Mitchell*, 15 Wis. 304. This burden it failed to sustain, and the court very properly found for the plaintiff. As long ago as 1862 this court became committed to the principle that the acceptance by the creditor of the note of the debtor or of a third person for a precedent debt was no payment, unless it was expressly so agreed. The acceptance merely suspended the remedy during its currency, and after the expiration of the credit an action might be maintained upon the original consideration, upon producing the note at the trial for redelivery or cancellation. *Ford v. Mitchell*, 15 Wis. 304. This case has been followed in many subsequent cases, so that the principle may be said to be fairly well settled. *Paine v. Voorhees*, 26 Wis. 522; *Matteson v. Ellsworth*, 33 Wis. 488; *Aultman & Co. v. Jett*, 42 Wis. 488; *Hœflinger v. Wells*, 47 Wis. 628; *Marschuetz v. Wright*, 50 Wis. 175; *First Nat. Bank v. Case*, 63 Wis. 504; *Allis v. Meadow Spring D. Co.* 67 Wis. 16; *Nash v. Meggett*, 89 Wis. 486; *Kinne v. Mich. M. L. Ins. Co.* 92 Wis. 335. With this array of decisions in this court, we hardly feel warranted in cutting loose from the rule in deference to the authority cited by defendant's counsel, 1 Wait, Act. & Def. 569.

Counsel contends that, because the plaintiff failed to *protest* the Dols note, it made it its own, and hence cannot recover in this action. We know of no rule of law that requires the holder of the note to protest it for nonpayment. Timely presentation, and demand of payment, and notice to the indorser, are all that the law requires. *Sumner v. Bowen*, 2 Wis. 524. This the court substantially finds was done. In view of this fact, the defendant has no reasonable ground for complaint.

The plaintiff was permitted to prove that, shortly after

the receipt by plaintiff of the note in question, its general manager saw defendant's secretary, and informed him that the note had been received, that plaintiff would keep the same, and if collected would credit the amount, and if not would return it, to which proposition the secretary assented. Defendant now insists that this testimony contradicts the legal import of defendant's indorsement on the note, and was therefore incompetent to be considered. As we view it, the testimony has no such tendency. It merely relates to the circumstances under which the plaintiff was willing to accept the note, and not to defendant's liability thereon. Upon due consideration of the finding as to this understanding, and the further finding that plaintiff was reasonably diligent in presenting the note and notifying the defendant, we see no reason for disturbing the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.