GALLAGHER, Respondent, vs. RUFFING, Appellant.

*May 13—May 29, 1903.*

*Vendor and purchaser of land: Payment: Certificates of deposit:*
*Indorsement by vendee: Presumptions: Negligence: Laches:*
*Negotiable instruments: Protest.*

1. Where a vendee of land delivered to his vendor as part of the
   purchase price certificates of deposit, which the vendee in-
   dorsed in blank, without reservation, it will be presumed
   that the certificates were not taken in payment, in the absence
   of evidence to that effect.

2. A vendee of land, as part payment therefor, indorsed in blank
   and delivered to his vendor a certificate of deposit, payable on
   demand, but, according to its terms, drawing interest only in .
   case it ran until July 16. The vendor paid the vendee the
   amount of interest that had accrued to the day of the transfer,
   and, on July 16, transferred the certificate to a bank to be put
   in process of collection. The certificate was not paid, the bank
   issuing it having failed July 17, before it was presented. *Held,*
   that the vendor's conduct did not justify an inference of negli-
   gence responsible for the loss.

3. In such case, in an action by the vendor to recover the unpaid
   purchase price represented by such certificate, it is no defense
   that he failed to properly protest the certificates on payment
   being refused; the action being brought not on the liability of
   the vendee as an indorser, but on the original liability of the
   vendee to pay the purchase price.

APPEAL from a judgment of the circuit court for Calumet
county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

About May 25, 1901, the plaintiff sold to the defendant a
farm and personal property at an agreed price of $9,000, and
received from the defendant three certificates of deposit—
one in the First National Bank of Milwaukee, $1,500, and
two in the German Exchange Bank of Chilton for $3,000 and
$200, respectively; also $300 in money, and a mortgage back
for $4,000. The Milwaukee certificate of deposit was duly
cashed. The two certificates in the German Exchange Bank
were payable on demand, but, according to their terms, drew
interest only in case they ran three months, to wit, until July

16, 1901.   The plaintiff paid defendant the amount of accrued interest to day of transfer.   At the time of the purchase all of the certificates were indorsed in blank by the defendant, and delivered to the plaintiff.   On July 16, 1901, the $3,000 certificate of deposit was transferred by plaintiff to Citizens' Bank of Oconto.   Nothing was done with the $200 certificate. On July 17th, at the close of business hours, the German Exchange Bank of Chilton was closed by the state bank examiner.   The plaintiff shortly thereafter tendered back the $3,000 and $200 certificates of deposit, and brings this action to recover so much of the purchase price of the land.   The court found that there was no express agreement between the parties that the certificates should be received as part payment of the purchase price, and concluded from that fact that they were not so received, and that $3,200 of the purchase price, with interest, was still due, for which judgment was rendered against the defendant, who appeals.

*J. E. McMullen,* attorney, and *P. O'Meara,* of counsel, for the appellant.

For the respondent there was a brief by *Geo. C. Hume* and *Nash & Nash,* and oral argument by *L. J. Nash.*

DODGE, J.   The rules of law affecting the conclusion in this case are simple and well-established in this state.   They are, briefly, that the giving of the promissory note or other evidence of indebtedness of a third person upon the purchase of property is presumptively in payment *pro tanto* of the agreed price.   Indorsement thereof, so as to make the purchaser liable thereon, suffices to wholly overcome that presumption, and to cast the burden upon him to establish an actual agreement that the paper is so received.   In the absence of such proof, it will, when so indorsed, like his own note, be presumed to have been received only as security for the purchaser's own continued indebtedness for the purchase price. *Ford v. Mitchell,* 15 Wis. 304; *Willow River L. Co. v. Luger*

*F. Co.* 102 Wis. 636, 78 N. W. 762. In the present case the
certificates of deposit were, of course, merely evidences of in-
debtedness of the respective banks to the defendant, *Ruffing.*
He indorsed the same generally, and without reservation.
Presumptively, therefore, they were not received in payment,
and the question of fact arose whether there was an actual
agreement that they should be so received. Upon that sub-
ject considerable testimony was taken; much of it, we con-
fess, tending strongly toward the establishment of such actual
agreement. But there was also evidence in negation thereof,
and the trial court, after hearing this testimony, seeing the
witnesses, and having all those well-recognized advantages
which the trial court enjoys over the appellate tribunal, has
deliberately found that no such agreement was proved. After
a careful perusal of all the evidence, and with some reluc-
tance, arising from the very persuasive character of certain
of the testimony and the circumstances, we are constrained
to the conclusion that we cannot discover that there is any
such clear and overwhelming preponderance which justifies
this court in setting aside a finding already made. It is in
deference to this rule that we conclude that the finding must
stand.

From this, of course, it results that the balance of the pur-
chase money of the farm sold by the plaintiff has not been
paid, and the defendant is liable therefor. To this result the
appellant presents as an objection the contention that the
plaintiff's own negligence and laches were responsible for the
failure to realize the money upon the two certificates of de-
posit in the German Exchange Bank. Of course, the pledgee
or bailee of these certificates of deposit owed the duty of
reasonable care and diligence. It is, however, made apparent
that in the original transaction he was expected not to pre-
sent them for collection until the expiration of the three
months, only at the end of which interest was payable thereon.
No other inference is consistent with the fact that he allowed

and paid to the defendant the accrued interest up to the time of their delivery to him. Hence, until that time arrived, no laches or lack of diligence could be ascribed to him, in absence of information tending to throw doubt on the solvency and responsibility of the bank. On the day when interest became due, he proceeded to put the $3,000 certificate in process of collection, and immediately upon learning of its dishonor hastened to the bank, but, of course, found all efforts at collection futile, it then being in the custody of the bank examiner as insolvent. This conduct would not justify an inference of any negligence responsible for the loss.

Some further suggestion is made that certain attempts to protest were not strictly formal, or in compliance with the law; but the plaintiff owed no duty of protest as against the defendant. He does not sue upon the liability as indorser, but, after tendering back these certificates held as security, he sues upon the original liability of the defendant to pay the purchase price for the farm. This he can do upon authority of the case above cited. We can find nothing to avert the result reached by the trial court.

*By the Court.*—Judgment affirmed.